RICHARD L. BISHOP vs. ELISHA C. BISHOP.

New Haven County, June T., 1886. PARK, C. J., CARPENTER, PARDEE, LOOMIS and GRANGER, Js.

A payment by a partner on the partnership account in the regular course of the partnership business, can not be made the ground of a legal claim against his co-partner before the partnership accounts are settled.

B was a member and managing agent of a co-partnership which received on storage a quantity of oil belonging to C, which he afterwards sold and divided the proceeds among the partners. C then brought suit against the company for the value of the oil, making service only on the partners within the jurisdiction, and obtained a large judgment. B effected a compromise of the claim, and with the consent of all the partners paid the amount agreed and charged it in his private account against the company. Held that his claim stood

on the same ground with any other claim of a partner for money advanced for the firm, and was governed by the above principle.

[Argued June 2d—decided July 27th, 1886.]

ACTION for an account and for the recovery of the amount found due ; brought to the Superior Court in New Haven County. The only question in the case arose upon an item claimed by the defendant in his account. Facts found and case reserved for advice. The facts are sufficiently stated in the opinion.

*W. L. Bennett*, for the plaintiff.

*L. Harrison*, with whom was *E. Zacher*, for the defendant.

PARK, C. J. The controversy in this case presents the question whether a sum of money, paid by one partner in the due course of partnership business, can be made the basis of a legal claim for contribution against his co-partner, before the accounts of the partnership are settled.

The facts upon which the question arises are substantially as follows :—The plaintiff and defendant in this suit, together with certain other parties, were the owners of an oil producing farm in the state of Pennsylvania, called the Foster Farm, and were partners in carrying on the business of the farm, under the firm name of the Foster Farm Oil Company. The business consisted in procuring oil from the oil wells on the farm, and in storing and selling it. The defendant was the superintendent and managing agent of the company, and as such agent made an arrangement with one Bronson, who was a lessee of one of the oil wells on the farm, and who was working it for his own benefit, to store his oil in one of the company's tanks on the farm. Bronson stored a large quantity of his oil in the tank. The defendant, acting for the company, sold Bronson's oil, and divided the proceeds among the members of the company in proportion to their interest in the company and farm. Bronson afterwards brought a suit for the value of his oil

against the company, describing them as partners doing business under the firm name of the Foster Farm Oil Company, and had service of the process made upon such members of the company as were within the jurisdiction of the court, including the plaintiff and defendant in this suit. He obtained judgment against the company for a large amount; which the defendant, with the knowledge and consent of all the members of the firm, afterwards succeeded in compromising for the sum of eight thousand dollars and some costs. Of this amount one of the members of the firm paid the sum of $2,500 and the defendant paid the balance, and the latter now brings one half of the sum paid by him, namely, the sum of $2,818.75, into his account against the plaintiff in this suit. No settlement of the accounts of the partnership of the Foster Farm Oil Company has ever been made.

These are the principal facts regarding the Bronson judgment; and we think the defendant is not entitled to recover of the plaintiff in this suit one half or any part of the sum paid by him to settle that judgment. The law governing the matter is well settled.

In *Mickle* v. *Peet*, 43 Conn., 65, the marginal note is as follows :—" Until the affairs of the partnership are settled, its assets disposed of, and the avails applied to the payment of all demands against it, it cannot be known what balance will be due from the partnership to any partner. When this balance is ascertained, then, and not before, the law implies a promise on the part of the other partner to pay his proportion of it." The cases of *White* v. *Harlow*, 5 Gray, 463; *Harris* v. *Harris*, 39 N. Hamp., 45; *Ordiorne* v. *Woodman*, id., 541; *Dowling* v. *Clark*, 13 R. Isl., 134; and *Arnold* v. *Arnold*, 90 N. York, 580, are to the same effect.

The reasons why one partner is not entitled to contribution in regard to some item in the partnership account favorable to himself, before the affairs of the partnership are settled, are numerous and cogent. In addition to other reasons that might be given, it is obvious that if one partner may do this in regard to an item favorable to himself,

so may another partner in regard to an item favorable to himself, and there might be an interminable litigation over the account, and at last all the partners might be compelled to refund the money thus obtained in the final settlement of the partnership accounts; for until then, in the language of our court, it cannot be known whether such partners do not owe the company, notwithstanding the money paid by them on partnership account.

So in this case, it is manifest that until the accounts of the Foster Farm Oil Company are settled, it cannot be known whether the defendant does not owe the company, notwithstanding the money paid by him to settle the Bronson judgment.

Again. This suit was brought to settle the affairs of a partnership between the plaintiff and the defendant alone, and was not brought to settle the accounts of the Foster Farm Oil Company. That company included other partners besides the parties to this suit. It is clear therefore that no item of that account can be considered in this case, even in connection with the agreement of the parties made on the trial that all accounts between them, whether they pertained to the partnership then under consideration or otherwise, should be considered and settled by the committee. Indeed, both parties to the agreement then claimed that the affairs of the Foster Farm Oil Company could not be gone into in this suit; and surely the defendant cannot now be permitted to claim the contrary, even if there was ground otherwise for the claim.

The defendant claims that the payment by him to settle the Bronson judgment was not a partnership transaction, and consequently it is not properly an item in the partnership accounts of the Foster Farm Oil Company, but is separate and distinct therefrom. We think there is no foundation for this claim. The defendant, as managing agent of the company, sold the Bronson oil, and divided the proceeds of the sale among the members of the company. The Bronson suit and judgment were against the company, on the ground that the company was liable. The defendant, act-

ing for the company, and with the knowledge and consent of all its members, paid and satisfied the Bronson judgment, and charged the amount in his individual account against the company. The transactions were equivalent to buying and selling the Bronson oil for the company, and charging them with the sum paid.

We think the transactions were company transactions, and that they must be regarded as belonging to the company's accounts.

In relation to the Abbot and Harley item, so called, the defendant insists that, inasmuch as the committee allowed that item in the defendant's account, and there having been no remonstrance against the committee's report, its allowance is not the subject of consideration here. But the report of the committee states all the facts in regard to that item, and the Superior Court having reserved the case and all questions of law arising thereon for the advice of this court, we think that item is a proper subject of consideration here. All the foregoing considerations apply with the same force to that item as to the Bronson judgment, and it needs no further comment.

We advise the Superior Court to disallow the sum of money paid on the Bronson judgment by the defendant, and the Abbot and Harley claim.

In this opinion PARDEE, LOOMIS and GRANGER, Js., concurred.

CARPENTER, J., dissenting. It seems to me that the money paid by E. C. Bishop to satisfy Bronson's judgment, ought not to be treated as money paid on account of the partnership of the Foster Farm Oil Company. E. A. Skinner, David Harris, E. C. Bishop and R. L. Bishop were the defendants in that suit. It is true they were described as partners, but it is conceded that several other persons were also interested as partners in that concern, who, being out of the jurisdiction of the court, were not made defendants and were not served with process. The judgment therefore

was in effect only a joint judgment against the four defendants. They were the only persons liable on that judgment; and if one of them had been compelled to pay the whole, it is clear that he could have maintained a suit for contribution against the other three. When that judgment was satisfied Bronson had no claim against the partners not made defendants. Payment of that judgment resulted in taking Bronson's claim out of the list of partnership liabilities. The parties paying it doubtless have a remedy against the other partners, but that ought not to deprive them of a remedy as against each other.

Moreover of that judgment Skinner paid nothing. Harris paid $2,500. The balance Bronson could have collected of E. C. and R. L. Bishop, or either one of them. E. C. Bishop, acting, not for the Foster Farm Oil Company, but for himself and R. L. Bishop, paid that balance. It seems to me that the payment ought to be regarded as having been made on the joint account of the plaintiff and defendant alone, and that one half the amount so paid, (assuming that Skinner is irresponsible,) should be allowed to the defendant in this action.