No. 82-278

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

CHARLES A. NORICK and GWENDALYN E.
NORICK,

                  Plaintiffs and Appellants,

    vs.

DOVE CONSTRUCTION, A Partnership,

                  Defendant and Respondent.

---

Appeal from:  District Court of the Eleventh Judicial District,
              In and for the County of Flathead
              Honorable Robert Sykes, Judge presiding.

Counsel of Record:

    For Appellants:

        Hash, Jellison, O'Brien and Bartlett, Kalispell,
         Montana
        James C. Bartlett argued, Kalispell, Montana

    For Respondent:

        Garlington, Lohn and Robinson, Missoula, Montana
        Paul C. Meismer argued, Missoula, Montana

---

                Submitted:  January 14, 1983

                   Decided: MAY 10 1983

Filed: MAY 10 1933

_____
                       Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Charles and Gwendalyn Norick brought suit against Dove Construction, a general partnership in which Charles Norick and Gordon Lister were general partners, for the destruction of a partially-constructed home. The Flathead County District Court granted summary judgment in favor of Dove Construction. The Noricks appeal. We reverse and remand for further proceedings.

In 1977 Charles Norick and Gordon Lister formed a partnership called Dove Construction. Their purpose was to build Rustic Log Homes. Norick and Lister were equal partners.

The partners agreed to build log homes as personal residences for themselves. Norick alleged that the homes were to be used as showplaces for their business and that Dove Construction was the general contractor.

In 1978 appellants began building their log home on some Kalispell property they owned as joint tenants. All of the money for the home came out of appellants' personal funds. Although a Rustic Homes design was employed, regular logs rather than Rustic Home logs were used to build the home. The building of the house was essentially supervised by appellant Charles Norick. At various times employees and subcontractors of the partnership and the other partner, Lister, were involved in the building of the residence.

In the summer of 1978 appellants sought to borrow money to complete the house. The shell of the house had been completed, and the roof was decked but no shakes had been nailed. The wiring was installed but was not hooked up to a power source. Appellants approached Empire Federal

-2-

Savings and Loan of Kalispell for a loan but were told no funds would be released without a general contractor, so Norick and Lister agreed that Dove Construction would be the general contractor.

A formal agreement was signed with the lender for a $30,000 loan on October 19, 1979. The home was destroyed by fire the night of November 14, 1979. Although the exact cause of the fire is unknown, Norick speculated that it could have been caused by an overloaded extension cord or by some space heaters placed in the basement by the chimney subcontractor, Butterfield Masonry, and the District Court so held in granting summary judgment to the partnership. The subcontractor was being paid from Norick's personal funds. Because of the fire, the funds from the lender were never released.

On February 25, 1980, Dove Construction was dissolved by written agreement. The construction enterprise, the Rustic Log Home dealership, various tools and equipment, and the remainder of the savings and checking account were given to Gordon Lister on dissolution. Lister was also to honor all debts and obligations incurred by the partnership. Appellant was to have various tools, equipment and materials. Appellant stated that the reason for the dissolution was that the partnership was not generating income. It also appears the dissolution was amicable.

On May 14, 1981, appellants filed suit against the partnership for negligence in constructing the home which resulted in the fire. Specifically, they alleged that the partnership breached its duty to supervise the chimney subcontractor and further that the partnership, as a general

-3-

contractor, was liable for not building a completed project. Appellants asked for $50,000 in damages. The partnership was insured against liability for its negligence by Transamerica Insurance Corporation.

Respondent partnership, through its insurance company, denied any involvement in the construction and consequently denied that it was negligent. It asserted that appellant Norick's own negligence was the cause of the fire. Moreover, respondent partnership alleged that these issues were moot because appellant Norick, as general partner, cannot maintain an action at law against the partnership of which he was a general partner. Respondent partnership moved for summary judgment.

The District Court granted the partnership's motion for summary judgment on the basis that the partnership was not involved in the construction of appellants' home, would receive no benefit from the project, and that the partnership could incur no liability for the destruction of the home as the negligence of the appellant Norick caused the fire.

We summarize the issues on appeal in this manner:

1. May one partner in a general partnership sue the partnership in tort for his individual property loss?

2. May the spouse of one partner in a general partnership sue the partnership in tort for her individual property loss?

3. Are there any genuine issues of material fact precluding summary judgment?

Without resolution of the underlying factual conflicts, we cannot say with assurance whether appellant

Norick may sue the partnership in tort for his individual property loss. Procedurally, an action may be maintained against the partnership entity. A Montana statute provides:

"Action against business association. When two or more persons associated in a business transact such business under a common name, whether it comprised the name of such persons or not, the associates may be sued by such common name . . ." Section 25-5-104, MCA.

Substantively, there is a substantial question whether or not a partner has a right to sue the partnership.

As a general rule, a partner cannot bring an action at law against the partnership of which he is a member. 60 Am.Jur.2d Partnership, § 350 at 237; 68 C.J.S. Partnership, § 109 at 552. The Uniform Partnership Act, which Montana has enacted, leaves this question unresolved.

However, some courts have established exceptions to this general principle. An example was recognized by the Kentucky Court of Appeals in Smith v. Hensley (Ky.Ct.App. 1961), 354 S.W.2d 744. There, plaintiff partner was allowed to bring an action at law against the partnership for negligence which caused damage to his individually-owned property which was being used in the business of the partnership. There, the negligence was committed by a partnership employee and thus was imputed to the partnership from which the plaintiff partner was allowed recovery. See, Annot., 98 ALR2d 340 (1964).

The reasons for allowing this exception are manifold. The court first reasoned that a partner who paid an obligation of the partnership may obtain contribution from the partnership. Secondly, the court considered an individual loss suffered by a partner as an ordinary business loss and

-5-

therefore that partner should be given the opportunity to recover such loss. Thirdly, if one partner negligently causes damage to the property of another partner, the latter may recover from the former so the rule should be no different if the property is used in the partnership business. Finally, when a partner allows his property to be used in conducting partnership affairs, he should not be required to assume the risk of the entire loss individually.

The Smith court dealt with the problems where a partner, in suing his partnership, in reality is suing himself and that the alleged negligence of the partnership is imputed to all partners including the plaintiff partner by balancing such problems against a realistic approach which would ordinarily allow a partner to secure contribution or reimbursement for a loss incurred in the ordinary course of business. We hold, therefore, that the action by appellant Norick should go forward to the point of determining whether the partnership was negligent in causing the fire loss and whether Noricks' property was being used to further the business of the partnership. He should not be foreclosed by summary judgment.

Directing our attention to the second issue, we hold that the spouse of one general partner may sue the partnership in tort for her individual property loss. Here, it appears that Gwendalyn Norick is a co-owner of real property upon which the home was being built as a joint tenant with her husband. We reject the defense of interspousal tort immunity for property damage claims by one spouse against the other. The rationale behind our holding is well articulated in following passage:

> "Since the primary object of these statutes (married women's acts and emancipation acts) was to free the wife from the husband's control of her property, the courts have generally agreed that they enable her to maintain an action against him for any tort against her property interest. Thus she may recover from him for conversion or detention of chattels, for fraud, for trespass to land, for waste, <u>for negligent damage to property</u>, or in an action of ejectment or unlawful detainer. Likewise, since the statutes destroy the unity of the persons and place them upon an equality, it is held that the husband may recover from the wife for similar torts as to his property." <u>Prosser on Torts</u>, § 122 at 861 (4th Ed. 1971), and cases cited therein. (Emphasis added.)

Also see, 41 Am.Jur.2d <u>Husband and Wife</u>, §§ 531 and 532; Annot., 109 ALR 882 (1937); cases collected in Personal Injury: Actions, Defenses, Damages, V. 4D, <u>Husband and Wife</u> § 5.02 (1981); Karell, <u>Toward Abolition of Interspouse Tort Immunity</u>, 36 Mont. L. Rev. 251 (1975).

The Restatement of Torts, second edition, § 895F, has repudiated the defense of interspousal tort immunity by providing as follows: "(1) A husband or wife is not immune from tort liability to the other solely by reason of that relationship." The cases adopting this position are collected at Annot., 92 ALR3d 901 (1979).

Finally, there are genuine issues of material fact precluding summary judgment in this case. We have already mentioned one, whether the partnership was liable for any negligence in causing the fire that destroyed the home. Others are whether or not Norick was negligent, whether the partnership was in fact the general contractor, and most importantly, what caused the fire. Until these issues are resolved factually, no determination as to the correct outcome of this action can be made.

-7-

For these reasons, we vacate the award of summary judgment to the partnership and remand this cause to the District Court for further proceedings.

_____
Chief Justice

We concur:

_____


_____


_____


_____
Justices

-8-

Mr. Justice Frank B. Morrison, Jr. dissenting.

I respectfully dissent.

There is little, if any, evidence that the log house in question was being constructed by the partnership. In fact, it appears that plaintiffs were personally constructing the residence and that Dove Construction only became involved in order to facilitate a loan. The involvement of the partnership occurred at a time subsequent to any alleged negligence.

However, assuming arguendo that there is evidence of the partnership's involvement, liability still would not exist in favor of Charles A. Norick.

A partnership is not an entity and the members of the partnership are individually liable. The New York Court of Appeals in Caplan vs. Caplan (1935), 268 N.Y. 445, 198 N.E. 23, 25, 101 ALR 1223, 1225, said:

> "In the field of liability for torts it is especially apparent that a partnership cannot be regarded as an entity independent of the persons who compose it . . . "

The Uniform Partnership Act, section 35-10-305, MCA, provides as follows:

> "Partnership liable for partners' wrongful act. Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership or with the authority of his co-partners, loss or injury is caused to any person not being a partner in the partnership or any penalty is incurred, the partnership is liable therefore to the same extent as the partner so acting or omitting to act." (emphasis supplied)

The general rule has wide acceptance. A partnership is not liable for an injury to a partner. A. Bromberg, Crane and Bromberg on Partnership (1968), §54, p. 314-315.

Narrow exceptions to the general rule have been recognized in Smith v. Hensley cited in the majority opinion. However, the Smith case is not applicable. In the case at

9

bar plaintiff Charles A. Norick seeks to recover against the partnership for his own negligence. No case has ever recognized such a right. Here the plaintiff seeks to recover against himself for his own negligence. The absurdity of such a position seems apparent.

I would permit the case of Gwendalyn E. Norick to go forward. Because this is a property damage case interspousal immunity does not apply. However, I would abolish interspousal immunity in Montana and hold that one spouse may sue another spouse for damage resulting from negligent acts whether that damage is property damage or is in the nature of personal injury.

I would affirm the District Court's summary judgment entered against plaintiff Charles A. Norick and vacate the summary judgment against Gwendalyn E. Norick remanding her case for trial in accordance with the views herein expressed.

_____
Justice Frank B. Morrison, Jr.

Mr. Justice Daniel J. Shea will file a dissent in part later.

10