547 A.2d 794

Joseph T. SVETIK and Rose Svetik, His Wife, Appellants,

v.

Joseph T. SVETIK and Michael R. Martino, Jr., a Partnership.

Superior Court of Pennsylvania.

Argued March 9, 1988.

Filed Sept. 19, 1988.

William P. Coffin, Easton, for appellants.

Jeffrey R. Dimmich, Allentown, for appellees.

Before ROWLEY, WIEAND and MONTEMURO, JJ.

ROWLEY, Judge:

This is an appeal from the trial court's entry of summary judgment in favor of the appellee partnership. The question presented is whether a general partner (Joseph T. Svetik) has a cause of action against his partnership for negligence resulting in personal injuries sustained by him as he examined the partnership premises. We hold that, under the facts of this case and the present state of the law in Pennsylvania, appellant has no such cause of action.

The facts are as follows. Joseph T. Svetik, an appellant herein,[1] and Michael R. Martino, Jr. entered into a written agreement to form a partnership. On the same day the agreement was executed the partners acquired, as tenants in common, certain real estate known as 66 Broadway, Jim Thorpe, Pennsylvania.[2] The stated purpose of the partnership was to operate and rent the property. The partnership agreement stated that the duties of Michael Martino were *primarily* "to collect rents, pay bills, handle all repairs, complaints of tenants, etc." The duties of appellant were *primarily* "to prepare all tax returns and handle all relations with attorneys, real estate agents regarding the purchase and sale of the property, and to handle questions and matters that arise concerning the financing of the property."

In spite of the foregoing provisions establishing primary duties in the agreement, Svetik had just completed painting a gate on the property when an iron arch fell, striking him

---

1. Mr. Svetik's wife, Rose Svetik, is also an appellant herein. She has asserted a derivative claim for loss of consortium.

2. The grantees named in the deed are Joseph T. Svetik and Michael R. Martino, Jr., as tenants in common.

and causing him personal injuries.[3]  He and his wife instituted this negligence action against the partnership, to recover damages for his injuries.  The record is clear, and there is no dispute, that this action was instituted against the partnership and not against Mr. Martino as an individual.  Specifically, plaintiffs aver in the complaint that "an ornate arch ... attached to a fence post and building situate at 66 Broadway Street" fell on, and broke, Svetik's legs.[4]

The partnership filed a motion for summary judgment.  The evidence before the trial court, when it considered the motion, consisted, *inter alia*, of: the complaint; defendant's answer and new matter; plaintiffs' reply to new matter; an affidavit by defense counsel with an attached partnership agreement, fictitious name registration, and deed to the premises; and plaintiffs' reply to defendant's request for production of documents, which included photographs of the premises.  The motion for summary judgment was granted by the trial court and the action was dismissed.[5]  This appeal followed.

We note, initially, that the party who moves for summary judgment, in this case the partnership, "has the burden of showing that there is no genuine issue as to any material fact and must submit affidavits or other evidence in support of the motion."  *Billman by Billman v. Pennsylvania Assigned Claims Plan*, 349 Pa.Super. 448, 453, 503 A.2d 932, 935 (1986).  Our scope of review of a summary judg-

3.  It does not appear from the complaint that the accident was in any way related to the painting of the gate.  Indeed, paragraph 5 of the complaint avers that appellant had returned his paint brush and scraper to the building prior to occurrence of the accident.  Paragraph 6 avers that the accident took place as appellant "examined an ornate arch."

4.  The specific acts of negligence alleged to have been the cause of appellant's injuries were that the defendant partnership, and in particular Michael Martino, Jr., knew or should have known that the metal arch would fall down by the touch of a person (Complaint, paragraph 8); and, negligent and careless maintenance of the building constituted breach of a legal duty to appellant (Complaint, paragraph 9).

5.  The trial court filed no opinion, but cited *Bowser v. Hershey Baseball Association*, 357 Pa.Super. 435, 516 A.2d 61 (1986), discussed *infra*.

ment was set forth in *Washington Federal Savings and Loan Association v. Stein,* 357 Pa.Super. 286, 288–90, 515 A.2d 980, 981 (1986):

> In passing upon a motion for summary judgment, the court must examine the record in the light most favorable to the nonmoving party. *Pocono International Raceway, Inc. v. Pocono Produce, Inc.,* 503 Pa. 80, 82, 468 A.2d 468, 470 (1983). It is not part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. *Wilk v. Haus,* [313 Pa.Super. 479,] 482, 460 A.2d [288], 290; *Tom Morello Construction Co. v. Bridgeport Federal Savings & Loan Association,* 280 Pa.Super. 329, 334, 421 A.2d 747, 750 (1980). Any doubt must be resolved against the moving party. *Chorba v. Davlisa Enterprises, Inc.,* 303 Pa.Super. 497, 500, 450 A.2d 36, 38 (1982); *First Pennsylvania Bank, N.A. v. Triester,* 251 Pa.Super. 372, 378, 380 A.2d 826, 829 (1971).

Appellant presents two arguments in support of his assertion that the trial court erred in granting summary judgment. First, he asserts that Pennsylvania Rule of Civil Procedure 2129 specifically permits an action sounding in negligence by one partner against the partnership for injuries sustained by him. Alternatively, he argues that Pennsylvania should follow cases in two other jurisdictions which, he suggests, permit such an action.

Appellee responds that appellant, as one of two members of the partnership, is in effect suing himself. Therefore, appellee argues, the trial court was justified in granting summary judgment pursuant to *Bowser v. Hershey Baseball Association,* 357 Pa.Super. 435, 516 A.2d 61 (1986).

Before addressing appellant's two arguments, we note that our Court has stated "[i]t is axiomatic that a party may not sue himself." *West Penn Administration, Inc. v. Pittsburgh National Bank,* 289 Pa.Super. 460, 469, 433 A.2d 896, 901 (1981). Our task, therefore, is to determine, within the constraints of the law of partnerships, whether this principle operates to prevent the case at bar from

proceeding on the merits. In other words, we must determine whether the plaintiff's status as a partner in the partnership which operates the premises on which he was working bars this negligence action.

## I.

■ Rule 2129 states, in relevant part: "An action may be prosecuted at law by ... one or more partners, or by such partners together with other persons not partners, against the partnership." Appellant's primary argument is that this provision permits his action to proceed. We disagree.

The Pennsylvania Constitution vests in the Supreme Court "the power to prescribe general rules governing practice, procedure and the conduct of all courts ... *if such rules* are consistent with this Constitution and *neither abridge, enlarge nor modify the substantive rights of any litigant....*" Const. art. 5, § 10(c) (emphasis added). Pursuant to this power, the Supreme Court appointed a Civil Procedural Rules Committee to assist in the preparation and revision of the Rules. The Committee recommended the Rules of Civil Procedure, which were adopted by the Supreme Court. *See,* 42 Pa.C.S., Rules of Civil Procedure, at XXV.

The Constitution specifically states that the Rules of Procedure do not enlarge the substantive rights of any litigant. This constraint is emphasized in numerous comments concerning the history of Rule 2129. One jurist has explained the purpose of Rule 2129 in this manner:

> Prior to the adoption of [Rule 2129], with certain exceptions, actions by a partnership against one of its members were prohibited at law, and the remedy was held to be solely in equity. Rule 2129 was apparently adopted to avoid delays and expenses incident to an accounting in equity....

*Kukurin v. Hallam,* 21 Wash.Co.Rep. 27, 30, 40 D. & C. 514, 517 (1940). Most actions between a partner and co-partners which required an accounting were heard in equity. 21 Standard Pennsylvania Practice 2d § 112:12; 28

P.L.E. Partnerships § 111; *see also Stephens v. Lehnert,* 310 Pa. 412, 165 A. 651 (1933). The Rules Committee Note which previously accompanied Rule 2129 indicates the efforts of the drafters to make those actions available at law:

This rule is purely procedural and is only intended to make available at law those actions between partners and the partnership which previously could only have been brought in equity. If there are any situations in which the substantive law would prevent suits between the partners and the partnership because isolated acts should not be adjudicated while the partnership is a going concern this rule will not create any right to sue at law.

Rules Committee Note to Pa.R.C.P. 2129, 42 Pa.C.S. (rescinded effective April 18, 1975); *see* 4 *Anderson Pennsylvania Civil Practice* (1962 ed.) at 281–82. Thus, one commentator has explained, "[t]he mere fact that a partner is on one side and the firm is on the other is no longer a bar to an action at law." 6 *Goodrich Amram 2d* § 2129:1. Because Rule 2129 arose from concerns involving the distinction between law and equity, it is evident that the rule was not intended to create a cause of action where none had previously existed. We hold that the application of Rule 2129 to the facts of the case at bar does not provide a basis upon which the trial court's granting of summary judgment will be overturned.[6]

## II.

Appellants next argue that if Rule 2129 does not create such a cause of action, the Pennsylvania courts should follow two other jurisdictions in permitting negligence actions for personal injuries by one partner against the partnership. In support of their position, appellants cite a case from each of those jurisdictions which, they assert,

6. *Accord, Bowser v. Hershey Baseball Association,* 357 Pa.Super. 435, 516 A.2d 61 (1986) (existence of Pa.R.C.P. 2154, which is substantially similar in form and content to Pa.R.C.P. 2129, did not preclude our Court from barring an action for personal injuries by member of unincorporated, non-profit association against the association), discussed *infra.*

indicates a movement toward allowing negligence actions by a partner against the partnership.

A partnership is statutorily defined, in Pennsylvania, as "an association of two or more persons to carry on as co-owners a business for profit." 59 Pa.C.S. § 311(a). Our Supreme Court has held that, generally speaking, a partnership is *not* a legal entity separate from its partners:

> We deem it to be the law in Pennsylvania and the approved opinion in most other jurisdictions that a partnership is not recognized as an entity like a corporation, that it is not a legal entity having as such a domicile or residence separate and distinct from that of the individuals who compose it. It is rather a relation or status between two or more persons who unite their labor or property to carry on a business for profit. This is subject to apparent exception, for while a partnership as such is not a person, it, as a matter of fact, is treated by a legal fiction as a quasi person or entity for such purposes as keeping of partnership accounts and marshalling assets.

*Tax Review Board of the City of Philadelphia v. D.H. Shapiro Co.*, 409 Pa. 253, 260, 185 A.2d 529, 533 (1962), *quoting In Morrison's Estate*, 343 Pa. 157, 162, 22 A.2d 729, 732 (1941); *McElhinney v. Belsky*, 165 Pa.Super. 546, 69 A.2d 178 (1949).

The most obvious area of exception, in which courts and legislative bodies have treated partnerships as legal entities, is taxation. *See Freedman v. Tax Review Board of the City of Philadelphia*, 434 Pa. 282, 258 A.2d 323 (1969); *Tax Review Board v. Belmont Laboratories Co.*, 392 Pa. 473, 141 A.2d 234 (1958); *Houston v. City of Pittsburgh*, 8 Pa.Cmwlth. 468, 303 A.2d 860 (1973); *see also* 28 P.L.E. Partnerships § 52. Partnerships have been viewed as entities in other phases of their operation, as well. For example, "the capacity of a partnership to sue and be sued in its firm name generally turns on whether it is considered a legal entity for that purpose, separate and apart from its

member partners." 59A *Am.Jur.2d Partnership* § 698.[7]

A few jurisdictions have permitted partners to maintain various tort actions against their partnerships. *See* "Tort Action for Personal Injury or Property Damage by Partner Against Another Partner or the Partnership," 39 ALR 4th 139. While the reason for allowing suits involving intentional torts is apparent, at least two jurisdictions have also permitted suits sounding in negligence, and it is for this reason appellant maintains the trial court erred in granting summary judgment.

In the case of *Smith v. Hensley* (Ky.App.1961), 354 S.W.2d 744, the Kentucky supreme court permitted a partner to maintain an action against the partnership of which he was a member for the loss of his truck in a fire caused by the negligence of partnership employees. The plaintiff, one of eight partners in a coal mining operation, employed a driver and owned a truck which the partnership rented for the purpose of hauling coal. Plaintiff's truck was one of thirty vehicles in the partnership's fleet. Plaintiff alleged that as his truck was being filled with gasoline at a partnership-owned gasoline station, the fuel ignited, thus destroying the vehicle. He sought to recover from the partnership the value of his truck on the basis that some of the partnership employees had acted in a negligent manner. The court recognized that

> [v]arious legal concepts could be invoked as a basis for denying a right of recovery to the plaintiff. One would be that a partner cannot sue the partnership because a litigant cannot sue himself. Another would be that if negligence of the partnership employees is to be imputed to the defendant partnership to establish a basis for liability, by the same token the negligence must be imputed to the plaintiff so as to bar recovery.
>
> It is our opinion, however, that under a realistic approach, seeking to achieve substantial justice, the plaintiff should be held entitled to maintain the action.

---

**7.** At common law, a partnership could not sue or be sued as an entity, consistent with the view that a partnership was not a legal person. 68 *C.J.S. Partnership* § 67 n. 74 and § 200.

*Id.* at 745. In holding that the partner was entitled to maintain an action against the partnership, the Kentucky court emphasized the business relationship between the partner and the partnership. The court noted that a partner who has paid an obligation of the firm out of his own pocket may seek contribution from his co-partners, and that a partner is entitled to reimbursement from the firm for losses suffered by him in the ordinary and proper course of firm affairs.

The case at bar differs markedly from that cited by appellants. In *Smith v. Hensley*, the partnership had a contract with the plaintiff, not as a partner, but as an individual engaged in an unrelated business relationship with the partnership. No such business arrangement exists in the case at bar.[8] Rather, appellant was merely present on property, owned by him and his partner and in the possession and control of the partnership, engaged in the type of work which was specified in furthering the partnership business. Therefore, we are not persuaded that we must create an exception which would permit an action *sounding in negligence for personal injuries,* under the circumstances of the case at bar, to proceed.[9] Instead, we look to the unambiguous language of the Uniform Partnership Act, adopted in Pennsylvania at 59 Pa.C.S. § 301, *et seq.,* for guidance. Under the Act, appellant's suit cannot be maintained because: 1) the negligence he attributes to Michael Martino must by law be imputed to him; and 2) appellant, as a partner, would be in effect suing himself.

The law of partnerships in Pennsylvania makes it clear that a partnership as a unit is liable for the negligence or misconduct of a partner in the ordinary course of the partnership's business. 28 P.L.E. Partnerships § 77. The

**8.** Further, we emphasize that we take no position as to whether the views expressed by the Kentucky court should be adopted in Pennsylvania.

**9.** We also decline to follow *Norick v. Dove Construction,* 204 Mt. 57, 662 P.2d 1318 (1983), which appellant set forth in support of his position. *Norick* also involved many factors not present in the case at bar, including the presence of a third-party subcontractor who allegedly caused the loss.

statute regarding wrongful acts committed by a partner, 59 Pa.C.S. § 325, states:

> Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership, or with the authority of his co-partners, loss or injury is caused to any person, *not being a partner in the partnership,* or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act. (Emphasis added.)

Section 325 is derived verbatim from the Uniform Partnership Act, § 13. The effect of § 325 is that it creates a liability on the partnership as an entity. Further, the general rule is that "[e]very member of a partnership is liable for a tort committed by one of the members acting in the scope of the firm business, even if the other partners did not participate in, ratify or have knowledge of the tort." "Derivative Liability of a Partner for Punitive Damages for Wrongful Act of Copartner," 14 ALR 4th 1335, 1336 (footnote omitted). The necessary result is that where a person who is *not* a partner is injured as the result of the negligent acts of a partner acting within the scope of his or her duties, the partners become joint and severally liable. Thus, we hold that the averred negligence must be imputed to appellant.

We find support for this view in the decision of this Court in *Bowser v. Hershey Baseball Association,* 357 Pa.Super. 435, 516 A.2d 61 (1986). The Hershey Baseball Association was an unincorporated, non-profit association. Bowser, a member of the association's board of directors, sustained injuries when he was struck in the head by a baseball during tryouts. He brought an action against the association based on the alleged negligence of the association. At the close of the plaintiffs' testimony on liability, the trial court granted a compulsory nonsuit. This Court affirmed the trial court's holding that a member of an unincorporated, non-profit association had no cause of action against the association for personal injuries. We noted:

The record clearly discloses that Bowser was not a client, customer or invitee of the association. Instead, he was one of the members of the association and was actively engaged in organizing and conducting tryouts for teenagers who wished to be a part of the association's baseball program. Thus, he was one of the joint entrepreneurs who were in possession of the ballfield and actively engaged in conducting the very activity which caused his injury. If the activity were conducted negligently by allowing the batter to hit from a spot in front of the backstop, as appellant contends, that negligence must also be imputed to him. We agree with the trial court, therefore, that the action cannot be maintained.

*Id.*, 357 Pa.Superior Ct. at 440, 516 A.2d at 63; *Accord, Plasterer v. Paine*, 375 Pa.Super. 407, 544 A.2d 985 (1987)

Finally, the eminent jurist Learned Hand noted in *Helvering v. Smith*, 90 F.2d 590 (2d Cir., 1937), that the Uniform Partnership Act has not made partnerships independent juristic entities. Thus, in seeking to impose liability on the partnership Mr. Svetik is actually imposing liability on himself, as appellee contends. Since a suit against oneself cannot be maintained, *West Penn Administration, Inc., supra*, the trial court was correct in granting summary judgment.

Summary judgment affirmed.