Martin L. HAYS, Appellant (Claimant),

v.

STATE of Wyoming, ex rel., WYOMING WORKERS' COMPENSATION DIVISION, Appellee (Objector).

No. 88-82.

Supreme Court of Wyoming.

Jan. 19, 1989.

---

Catherine MacPherson of MacPherson Law Offices, Rawlins, for appellant.

Joseph B. Meyer, Atty. Gen., Ron Arnold, Asst. Atty. Gen., and Josephine T. Porter, Sr. Asst. Atty. Gen., for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

MACY, Justice.

In this worker's compensation case, appellant Martin L. Hays, deceased,[1] through his surviving widow and children, appeals from the denial of his motion for a new trial and for relief from judgment under W.R.C.P. 59 and 60.

We affirm.

Appellant presents the following issues:

1. Whether a partner whose business is classed as extrahazardous is an "employee" as defined by W.S. § 27–12–102(a)(viii) (1977 Repub.Ed.)[2] and, therefore, entitled to coverage under the Wyoming Worker's Compensation Act if injured while actually subject to the hazards of the business.

2. If the Wyoming Worker's Compensation Act is construed to deny coverage to a partner, does that construction deny equal protection of the law, in violation of the Fourteenth Amendment of the United States Constitution and Article 1, § 34 of the Wyoming Constitution.

On October 25, 1986, appellant fell from a scraper that he was cutting into scrap metal with a blow torch. He suffered fatal head injuries and died within a few hours of the fall.

On December 8, 1986, appellant's widow, Tammy S. Hays, filed an employee's report of injury, alleging that appellant was a laborer for Hays Transportation Co.[3] and

---

1. Throughout the proceedings below, the decedent, Martin L. Hays, was identified as the claimant, and this appeal was taken in his name. Thus, we will refer to the decedent as the appellant, with the understanding that his widow and children are actually prosecuting this appeal as his representatives.

2. Chapter 12 of Title 27 (Worker's Compensation, §§ 27–12–101 to –805) was repealed in 1986 and recreated as current Chapter 14 (Wyo.

Stat. §§ 27–14–101 to –804 (1977)) effective July 1, 1987. This case arose under the prior Act and, unless specified otherwise, reference in this opinion will be to the earlier Act.

3. The report was filed denoting Hays Construction as the employer on the belief that Steven Hays, appellant's cousin, was doing business under that name. However, it was later learned that Steven Hays was actually doing business under the name of Hays Transportation Co. A

that his death was a result of his employment. This report was followed by an application for death benefits filed by Mrs. Hays on December 30, 1986, on behalf of herself and appellant's two minor children. The district court approved the application and on January 12, 1987, awarded an aggregate sum of $100,223.05 in death benefits plus costs of the last hospitalization and funeral service for appellant.

On January 30, 1987, appellee Wyoming Workers' Compensation Division filed an objection to the award, alleging that Hays Transportation Co. had not submitted an accident report and did not have a current worker's compensation account.[4] The objection further alleged that appellant was not an "employee" as defined in § 27–12–102(a)(viii)[5] but instead that he was a partner in Hays Transportation Co., and, as such, he was not entitled to benefits under the Wyoming Worker's Compensation Act.

On the basis of extensive testimony received at a hearing on April 17, 1987, the trial court entered its order on July 14, 1987, making the specific finding and conclusion of law that appellant and Steven Hays were in a partnership relationship on the date of appellant's death. The trial court requested the parties to submit memoranda of law addressing whether a partner was covered by the Act and, if not, whether the denial of coverage was a violation of equal protection under the United States and Wyoming Constitutions. The trial court considered both parties' submissions. By a decision letter dated August 13, 1987, and a subsequent order, the court concluded that partners were not included within the coverage of the Act, as partners were not "employees" as defined in the statute, and that such an exclusion of coverage was not a violation of equal protection. It thus denied the application for death benefits.

On September 30, 1987, appellant's representatives filed a motion for a new trial and for relief from judgment pursuant to W.R.C.P. 59 and 60, with accompanying affidavits. The motion was denied on December 22, 1987, by a decision letter, which was incorporated into a subsequent order on March 2, 1988. This appeal followed.

■ Appellant's representatives assert that, despite his status as a partner, he was nevertheless an employee and, therefore, he and his survivors are entitled to benefits under the Act. To recover death benefits under the Act, the decedent must have been an "employee" involved in extrahazardous work as that term was defined in § 27–12–102(a)(viii). Thus, the first question to be addressed is whether a member of a partnership, the business of which was classified as extrahazardous, was an "employee" within the meaning of § 27–12–102(a)(viii). This determination involves the statutory interpretation of § 27–12–102(a)(viii). Our rules of statutory interpretation have often been cited and need not be reiterated here except to note that, when a statute is clear and unambiguous, this Court will not resort to rules of statutory construction and the words will be given their plain and ordinary meaning. *State Board of Equalization v. Jackson Hole Ski Corporation*, 737 P.2d 350, *on reh'g* 745 P.2d 58 (Wyo.1987); *Wyoming Insurance Department v. Avemco Insurance Company*, 726 P.2d 507 (Wyo.1986).

Section 27–12–102(a)(viii) defined an "employee" as

any person who has entered into the employment of or works under contract of services or apprenticeship with an employer engaged in an extrahazardous occupation, except a person whose employment is purely casual and not for the purpose of the employer's usual trade or business, or those engaged in clerical work and not subject to the hazards of

motion to reform the employer's name in the pleadings was filed and accepted by the court.

**4.** An employer's failure to pay into the worker's compensation fund does not defeat a surviving spouse's and children's rights to receive compensation if the deceased spouse was an em-

ployee doing extrahazardous work. See §§ 27–12–207(a), 27–12–408, and 27–12–409 (currently Wyo.Stat. §§ 27–14–203(a), 27–14–403(e)(iii), and 27–14–403(d)(ii) and (e)(iv) (1977)).

**5.** Now Wyo.Stat. § 27–14–102(a)(vii) (1977).

the business. "Employee" also includes the officers of a corporation, the business of which is classed as extrahazardous, if the officers are actually subject to the hazards of the business in the regular performance of their duties, and the employer elects to come under the provisions of a this act by notifying the division by registered mail at least thirty (30) days prior to the effective date of the coverage. Coverage remains effective until withdrawn by written notice to the division. Any reference to an employee who has been injured and dies, includes his dependents or his legal representatives, or his guardian or next friend if the employee is a minor or incompetent. No minor employee shall be denied the benefits of this act for the sole reason that his employment is in violation of the labor laws governing the employment of minors[.]

The plain and unambiguous language of § 27–12–102(a)(viii) mandates the conclusion that partners could not receive benefits as "employees" under the Act. The language specifically defined an "employee" as one who had "entered into the employment of or works under contract of services or apprenticeship with an employer." To accept appellant's argument that a partner was an employee under the Act would be to ignore the plain language of § 27–12–102(a)(viii) and the legal characteristics of a partner. The language of the statute clearly anticipated that an employer and employee would be separate legal entities. Thus, a partner-employer could not be included in the language of the statute as one covered under the Act, as the Act was intended to cover employees only. Although this Court has held that worker's compensation statutes are to be construed so that industry, rather than an injured workman, bears the burden of an industrial accident, *Robinson v. Bell*, 767 P.2d 177 (Wyo.1989), we nevertheless are not permitted to ignore clear statutory language so as to extend coverage and benefits to situations that do not reasonably fall within the intended ambit of the statutes. *Lehman v. State ex rel. Wyoming Workers' Compensation Division*, 752 P.2d 422

(Wyo.1988). Here, the statutory language cannot be construed so as to extend employee benefits to a partner/employer.

Even though this Court has never had occasion to address the question of whether a partner was an "employee" within the meaning of § 27–12–102(a)(viii), many other jurisdictions have answered this question in relation to statutes substantially similar to ours, and the overwhelming majority have found that partners are not eligible to receive compensation as employees under their worker's compensation acts. *See* 1C A. Larson, *Workmen's Compensation Law* § 54.30 (1986), and cases cited therein. Illustrative of the cases from those jurisdictions is *In re W.A. Montgomery & Son*, 91 Ind.App. 21, 169 N.E. 879, 880 (1930), in which the Indiana court stated:

> In the early history of Workmen's Compensation Acts, it was decided by the courts of England that a partner working for his partnership and receiving compensation therefor independent of his share of the profits is not entitled to compensation for injuries sustained. And in the courts of the United States the great weight of authority is to the effect that a copartner in a partnership business cannot become an employee of himself and his copartners so as to be covered by a policy taken under the provisions of Workmen's Compensation Acts, insuring the partnership against liability for injury to employees.

(Citation omitted.)

Benefits for injuries to partners have traditionally been denied under worker's compensation acts because of the legal characteristics of partners and partnerships. A partnership is not an entity separate from its partners. 1C A. Larson, *supra* at § 54.31. "Therefore, since the partnership is nothing more than the aggregate of the individuals making it up, a partner-employee would also be an employer." *Id.* at 9–253, quoted in *Ryder's Case*, 341 Mass. 661, 171 N.E.2d 475, 477–78 (1961). The worker's compensation acts cannot be presumed to have envisioned any such combination of employer and employee. *Fink v. Fink*, 64 So.2d 770 (Fla.1953). As early

as 1926, the New York Court of Appeals recognized the inconsistency when it stated in *Lyle v. H.R. Lyle Cider & Vinegar Co.*, 243 N.Y. 257, 153 N.E. 67, 67–68, 47 A.L.R. 840 (1926):

> The copartners, of course, are the principals and employers, and we do not think that it is within the contemplation of the Workmen's Compensation Act that one of them may become the employee of himself and his associates, and thus at the same time occupy the inconsistent attitudes of employer and employee. The Workmen's Compensation Law, in our opinion, does not contemplate any such anomalous situation and it is entirely opposed to well and long established principles of law which, to a certain extent, furnish the foundation for the Compensation Law, that a partner should have a claim against himself and his copartners for an accident springing out of the work of the copartnership and for the conduct of which he is responsible.

In view of the overwhelming weight of authority and the clear and unambiguous language of the statute, we align ourselves with the majority of jurisdictions in holding that members of a partnership, the business of which was classified as extrahazardous, were not employees as that term was defined in § 27–12–102(a)(viii) and, therefore, were not entitled to compensation under the Wyoming Worker's Compensation Act for injuries received while they were actually subjected to the hazards of the business.

Appellant argues that, if § 27–12–102(a)(viii) is construed to mean that partners were not "employees" under the Act and thereby were not entitled to the Act's benefits, then § 27–12–102(a)(viii) violated the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution[6] and article 1, section 34 of the Wyoming Constitution.[7] Appellant makes this argument on the basis that, in the statute's specific classification, offi-cers of a corporation were "employees" entitled to receive benefits under the Act while members of a partnership were not classified as such.

Appellant is correct in the citation of *O'Brien v. State*, 711 P.2d 1144 (Wyo. 1986), for the proposition that there are two tests that may be applied in an equal protection challenge to determine if the classification is proper. A strict scrutiny standard is employed when a fundamental interest is affected or if the classification is inherently suspect. *Baskin v. State ex rel. Worker's Compensation Division*, 722 P.2d 151 (Wyo.1986). Under this standard, the classification is subject to close scrutiny to determine if it is necessary to achieve a compelling state interest, and the state is required to establish that there is no less onerous alternative by which it may achieve its objective. *O'Brien*, 711 P.2d 1144. When an ordinary interest is involved, however, a rational basis standard is applied, pursuant to which a court must determine whether the classification made by the statute is reasonably related to a legitimate state interest. *Baskin*, 722 P.2d 151. If, in the court's perception, the legislature had some arguable basis for choosing the ends and the means, the law will be sustained. *O'Brien*, 711 P.2d 1144. Appellant is incorrect, however, in contending that worker's compensation cases invoke a fundamental interest subject to the strict scrutiny standard. The right to worker's compensation benefits is not a fundamental right, but instead it is an ordinary interest. *Baskin*, 722 P.2d 151. Thus, the distinction between officers of a corporation and members of a partnership within § 27–12–102(a)(viii) needed merely to have a rational relationship to a legitimate state objective in order to withstand the constitutional challenge. There must only be some difference that furnishes the rational basis for different legislation as to different classes. *Bell v. State*, 693 P.2d 769 (Wyo. 1985); *United States Steel Corporation v.*

---

6. U.S. Const. amend. XIV, § 1 provides in pertinent part that no state shall "deny to any person within its jurisdiction the equal protection of the laws."

7. Wyo. Const. art. 1, § 34 provides for equal protection in the following language:
   All laws of a general nature shall have a uniform operation.

*Wyoming Environmental Quality Council,* 575 P.2d 749 (Wyo.1978). We have held that the legislature possesses broad authority to classify persons who are entitled to receive awards under the Act, *Trent v. Union Pacific Coal Company,* 68 Wyo. 146, 231 P.2d 180 (1951) (overruled on other grounds), and that appellate courts should give substantial deference to that authority. *Bell,* 693 P.2d 769. The differences in classifications, however, cannot be arbitrary and without just relation to the matter being legislated. *Id.; Mountain Fuel Supply Company v. Emerson,* 578 P.2d 1351 (Wyo.1978).

In *Meyer v. Kendig,* 641 P.2d 1235, 1238–39 (Wyo.1982) (quoting *Nickelson v. People,* 607 P.2d 904, 910 (Wyo.1980)), we stated:

> When the constitutionality of a statute is assailed, we are governed by the following standards:
>
> > "Statutes are presumed to be constitutional unless affirmatively shown to be otherwise, and one who would deny the constitutionality of a statute has a heavy burden. The alleged unconstitutionality must be clearly and exactly shown beyond any reasonable doubt. One who assails a classification must carry the burden of showing that it does not rest on a reasonable basis, but is essentially arbitrary, and if any state of facts can be reasonably conceived which sustain[s] the classification, such facts will be assumed."

(Citations omitted.) *See also Lindsley v. Natural Carbonic Gas Company,* 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369 (1911). In addition, we adhere to the general rule that this Court has the duty to uphold the constitutionality of statutes enacted by the legislature if that is at all possible and any doubt must be resolved in favor of constitutionality. *Meyer,* 641 P.2d 1235, and cases cited therein. Moreover, statutes are presumed to rest upon some rational basis within the knowledge and experience of the legislators. *United States v. Carolene Products Company,* 304 U.S. 144, 58 S.Ct. 778, 82 L.Ed. 1234 (1938).

The Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution and article 1, section 34 of the Wyoming Constitution guarantee that "similar people will be dealt with similarly and that people in different circumstances will not be treated as though they were similar." *Bell,* 693 P.2d at 771. In an attempt to fulfill the burden to show that no rational basis existed for the different treatment of officers of a corporation as opposed to members of a partnership, appellant argues that the legal distinctions between officers and partners were not sufficient to permit unequal treatment under the statute. We do not agree.

A corporation has a separate legal existence, distinct from its officers. The corporation, as a separate entity, is the employer, and the officers are employees. *Barnette v. Doyle,* 622 P.2d 1349 (Wyo.1981). A partnership, however, is fundamentally unlike a corporation. A partnership is merely the aggregate of the individuals comprising it, and it is not an entity distinct from its members. 1C A. Larson, *supra* at § 54.31. The partners' status is one of both employer and employee. Professor Larson has observed that, in cases

> in which a partner (or someone claiming compensation on the strength of his status) is the claimant, * * * the almost insuperable conceptual obstacle is encountered of having the same person appear as employer and employee.

*Id.* at 9–255. Thus, an officer of a corporation and a member of a partnership are not similarly situated. A partner is an employer and employee, whereas an officer is simply an employee. A rational basis exists, therefore, for the disparate treatment afforded under the Act to partners as opposed to corporate officers, and appellant's equal protection challenge of the statute must fail.

We hold that a member of a partnership was not an employee within the definition of § 27–12–102(a)(viii) and was not entitled to benefits under the Wyoming Worker's Compensation Act. Further, appellant has failed to demonstrate that the Act unconstitutionally discriminates between partners

and corporate officers in such a manner as to offend the Equal Protection Clauses of United States and Wyoming Constitutions.

AFFIRMED.

URBIGKIT, Justice, specially concurring.

I agree to affirm the benefit denial, but differ in extension of this decision to determinations not required for present disposition. Controlling in my perspective are the facts that the partnership had no account for worker's compensation and that neither partner made any effort to comply with premium payment requirements which would demonstrate intent to establish an employer/employee status within the partnership operation for worker's compensation purposes or otherwise.

I do not necessarily agree that a partnership is not a separate entity from its constituent partners as is to be found within various contexts, including initial liability and tax reporting status. Similarly, I see no need nor justification to presently determine that coverage will not be established if the partnership establishes the account and lists the partners as covered workers in premium payment. This result may be required by the constitutional mandate of Wyo. Const. art. 10, § 4, establishing worker's compensation, and as similarly defined in due process and equal protection by Wyo. Const. art. 1, § 6 and Wyo. Const. art. 1, § 34, uniform operation of general law, which serve by conception of the Wyoming Constitutional Convention of 1890 to amplify and synthesize restrictions imposed by U.S. Const. amend. XIV.

Finding a specific factual basis for affirmation, I do not join the majority in presently pursuing the more pervasive issues of legislative intent, statutory construction or constitutional limitation that need not now be considered. In due time, if W.S. 27–12–102(a)(vii) (1983 Replacement) remains unamended, this court can then consider those broader issues when presented by the employee claimant partner who, having been listed for coverage with premium paid, sustains a job related injury.

GOLDEN, Justice, specially concurring.

I concur in the majority's analysis of the first issue in this case. On the second issue, I agree with the result reached by the majority, but disagree with its analysis in arriving at that result.

In the second issue, appellant specifically argues that if the Wyoming Worker's Compensation Act is construed such that working partners cannot qualify as employees eligible for death benefits, the act violates appellant's right to equal protection under the U.S. Const. amend. XIV and Wyo. Const. art. 1, § 34. Appellant asserts that all persons who do extrahazardous work in Wyoming, whether they are working partners or corporate officers, are similarly situated such that the legislature cannot rationally categorize among them when it defines an "employee" under the worker's compensation laws. Before we reach the rational basis test analysis set forth in the majority opinion, we should satisfy ourselves that persons who are working partners and persons who are corporate officers are all persons "similarly situated" in the first instance when those categories are viewed in terms of the purpose behind Wyoming's worker's compensation laws.

The concept of equal protection deals with the government's legislative ability to further a rational governmental objective or purpose by categorizing a specific group of persons from a larger initial group of persons who are "similarly situated." *Truax v. Corrigan*, 257 U.S. 312, 333–40, 42 S.Ct. 124, 129–32, 66 L.Ed. 254, 263–67 (1921). See also Tussman and tenBroeck, *The Equal Protection of the Laws*, XXXVII Calif.L.Rev. 341, 344–47 (1949). To be "similarly situated," the initial group of persons must all possess some basic trait in relation to the purpose that the legislative classification attempts to achieve. Tussman and tenBroeck, supra. See also the analysis used by this court in *Small v. State*, 689 P.2d 420, 424–27 (Wyo. 1984), cert. denied, sub nom. *Small v. Wyoming*, 469 U.S. 1224, 105 S.Ct. 1215, 84 L.Ed.2d 356 (1985).

For example, consider the legislative classification presented by a zoning law

restricting the height of buildings that can be constructed on city lots. Similarly situated persons affected by the law all possess the basic trait of ownership of a city lot upon which a building can be constructed; the classification among those persons targets those who want to build tall structures on their lots. The basic trait which similarly situates the initial group is evident only when viewed in terms of the purpose of the law making the classification. Tussman and tenBroeck, supra.

The purpose behind the constitutional amendment and the subsequent legislation that created the Wyoming worker's compensation system was an economic one that essentially embodied "a compromise between employers and *employees* who recognized the need for a new system to compensate employees for employment related injuries without the *employee having to rely upon tort concepts." Baker v. Wendy's of Montana, Inc.,* 687 P.2d 885, 887 (Wyo.1984) (emphasis added). See also *Meyer v. Kendig,* 641 P.2d 1235, 1238 (Wyo.1982) and cases there cited. The basic trait all employees shared in light of this governmental purpose was that, before worker's compensation, they all possessed the common law right to sue their employers in tort for injuries they received during the course of their employment. Therefore, to be similarly situated in the first instance under the worker's compensation laws, a person had to be an employee *who would have been able to sue his or her employer in tort for work related injuries.*

Working partners did not possess that basic trait when the legislature passed the worker's compensation laws. At common law, a working partner has *never* been able to maintain an action at law, here a tort action, for injuries arising out of work that furthers the object of the partnership. *Svetik v. Svetik,* 377 Pa.Super. 496, 547 A.2d 794, 799 (1988). This is because partners are co-owners in a business for profit, who, like joint ventures, would have to sue themselves to sue the partnership entity. *Id.* See also W.S. 17–13–201(a); W.S. 17–13–305; W.S. 17–13–307(a)(i); W.S. 17–13–401(a)(ii). Cf. *Boehm v. Cody Country*

*Chamber of Commerce,* 748 P.2d 704, 706 (Wyo.1987) (discussing the rule for joint venturers).

Viewed in this way, working partners never were "employees" who gave up the right to sue their employees in tort when the legislature made its worker's compensation compromise between employees and employers. They were not "similarly situated" with corporate officers when the legislature passed the law that makes the challenged classification. Further, the legislature has the right to address a desired governmental objective in a piecemeal fashion if it desires to do so. See *Williamson v. Lee Optical of Oklahoma,* 348 U.S. 483, 488–90, 75 S.Ct. 461, 465–66, 99 L.Ed. 563, 573 (1955). Since appellant cannot show that working partners and corporate officers were "similarly situated" under the purpose behind the worker's compensation legislation, her argument fails at the outset.

I would affirm on appellant's second issue using this approach.

URBIGKIT and GOLDEN, JJ., files specially concurring opinions.