**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,**

v.

**WARM VALLEY KENNELS and Rapid Electric Company.**

No. Civ. 3:98CV01967(PCD).

United States District Court, D. Connecticut.

Sept. 16, 1999.

Scott M. Waldman, Cozen & O'Connor, Philadelphia, PA, Stuart G. Blackburn, Law Offices of Stuart G. Blackburn, Windsor Locks, CT, for Nationwide Mutual Fire Ins. Co., plaintiff.

Scott M. Waldman, Cozen & O'Connor, Philadelphia, PA, Scott B. Clendaniel, Michael J. O'Sullivan, John L. Hayes, Law Offices of Scott B. Clendaniel, Hartford, CT, for Warm Valley Kennels, defendant.

### RULING ON MOTION FOR SUMMARY JUDGMENT

DORSEY, District Judge.

Defendant Warm Valley Kennels moves for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons below, Defendant's motion is **granted.**

## I. BACKGROUND FACTS

Defendant Warm Valley Kennels ("WVK") is a Connecticut partnership comprised of two general partners: Diane T. Wallwork and Madeline Shea. On October 18, 1996, a fire broke out in the structure occupied by WVK and subsequently spread to the adjacent home owned by Wallwork.

WVK's business involved grooming and caring for pets. On the day of the fire, Shea used cage dryers to dry the fur of the animals. She was the only employee or partner at WVK engaged in the grooming. Plaintiff alleges that it was the cage dryer, along with its negligent design, operation, and maintenance, that caused the fire.

The fire caused significant damage to Wallwork's home, which was insured under a policy issued by the plaintiff, Nationwide Mutual Fire Insurance Company ("Nationwide"). Plaintiff, claiming it paid $230,838.76 to Wallwork pursuant to the policy, now seeks judgment against WVK for negligently causing the fire.

Defendant moves for summary judgment on the basis that, because a partner cannot sue the partnership, neither can the partner's subrogee. In other words, Nationwide, as subrogee of Diane Wallwork, cannot sue WVK because Wallwork cannot sue her partnership.

## II. DISCUSSION

### A. *Standard of Review and Applicable Substantive Law*

In a motion for summary judgment, the moving party must establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In determining whether a genuine issue has been raised, all ambiguities must be resolved and all reasonable inferences be drawn against the moving party. *United*

*States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962) (*per curiam*); *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 445 (2d Cir.1980).

This action was brought in federal court on the basis of diversity jurisdiction between the parties. The substantive law of the state where the cause of action arose governs—if the highest state court has not ruled on issue, the federal court must try to approximate what its ruling would be. *Cumis Ins. Society v. Windsor Bank & Trust Co.,* 736 F.Supp. 1226, 1230 (D.Conn. 1990). Here, because the fire and resulting loss occurred in Connecticut, Connecticut law will be applied.

## B. *Subrogation*

 Under Connecticut law, a subrogee's rights against a third party can be no greater than those of its subrogor. *Orselet v. DeMatteo,* 206 Conn. 542, 539 A.2d 95, 98 (1988). The relationship between insured and insuree is that of subrogor and subrogee. *See id.* Consequently, " 'the insurer as subrogee ... stands in the place of the insured and succeeds to whatever rights he may have in the matter,' " but may not assert any rights beyond those of the insured. *Id.* (citation omitted). The rights of Nationwide to sue WVK, therefore, are coterminous with those of Diane Wallwork.

## C. *Partnership Law*

██] At the time the fire occurred in October 1996, the Connecticut General Statutes provided:

> Where, by any wrongful act or omission of a partner acting in the ordinary course of the business of the partnership or with the authority of his copartners, loss or injury is caused to any person, **not being a partner in the partnership,** or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act.

C.G.S.A. § 34–51 (repealed 1995, eff. July 1, 1997) (emphasis added). No authority is given by Connecticut statutes in effect at the date of the fire for a partner to sue her partnership for an action in tort. Absent specific statutory authority, the "rules of law and equity" applied. C.G.S.A. § 34–43 (repealed 1995, eff. July 1, 1997).

Connecticut's common law strictly prohibits a partner from suing the partnership on the theory that a person cannot sue oneself. *Hartford Accident and Indemnity Co. v. Sena,* 42 Conn.Supp. 336, 619 A.2d 489, 493 (1992). Lawsuits by partners against the partnership prior to its winding-up create numerous administrative problems and implicate questions of fairness. *Cole v. Fowler,* 68 Conn. 450, 36 A. 807, 809 (1896); *Bishop v. Bishop,* 54 Conn. 232, 6 A. 426, 427–28 (1886). Plaintiff relies on decisions of other state courts, maintaining that the Connecticut courts have "yet to specifically address the issue at hand." It points to *Smith v. Hensley,* 354 S.W.2d 744 (Ky.1961) and *Norick v. Dove Construction,* 204 Mont. 57, 662 P.2d 1318 (1983) to support an exception to § 34–43, thereby allowing a member of a partnership to sue the partnership.

It is true that these cases did not foreclose such lawsuits. However, Connecticut does not permit statutory construction to be based on policy rather than the unambiguous words of a statute: "Where statutory language is clearly expressed ... courts must apply the legislative enactment according to the plain terms and 'cannot read into the terms of the statute something which manifestly is not there in order to reach what the court thinks would be a just result.' " *Johnson v. Manson,* 196 Conn. 309, 493 A.2d 846, 850 (1985) (citations omitted). Thus, even if equity dictates allowing the instant lawsuit, there is no basis for doing so since the laws of Connecticut in effect at the time of the fire clearly forbade it.

Connecticut's later legislation informs this discussion. Effective July 1, 1997,

Connecticut adopted the Uniform Partnership Act of 1994 ("UPA").[1] P.A. No. 95–341, CT Stat. § 34–300 to § 34–399. Section 34–326(a), provides that

[a] partnership is liable for loss or injury caused to a person, or for a penalty incurred, as a result of a wrongful act or omission, or other actionable conduct, of a partner acting in the ordinary course of business of the partnership or with the authority of the partnership.

This language mirrors the language of § 305(a) of the UPA. The commentary to § 305 addresses the fact that the language "not being a partner in the partnership" was deleted: "This is intended to permit a partner to sue the partnership on a tort or other theory during the term of the partnership, rather than being limited to the remedies of dissolution and an accounting." Section 305(a) modified the language of § 13 of the Uniform Partnership Act of 1913, on which C.G.S.A. § 34–51 was based.

The legislative history makes clear that, until Connecticut adopted the UPA, partners could not sue the partnership on a tort theory. In the case at bar, the provision allowing such an action was not yet in effect. As a result, there is no statutory authority permitting Wallwork to sue WVK and, consequently, no legal basis for a lawsuit by Wallwork's subrogee against WVK.

#### D. *Voluntary Association Law*

Both parties discuss construing WVK's as an unincorporated voluntary association. The extent to which Connecticut allows actions against a voluntary association by an individual member thereof need not be addressed here. It is an undisputed fact that WVK is a partnership organized under the laws of Connecticut. Accordingly, partnership law governs the dispute.

1. Connecticut's Act specifically stated that it does not "affect an action or proceeding commenced or right accrued before July 1, 1997." C.G.S.A. § 34–399 (1999).

### III. CONCLUSION

There are no genuine issues of material fact in dispute. For the foregoing reasons, Defendant Warm Valley Kennels' motion for summary judgment (doc. 18) is **granted.**

SO ORDERED.