ERIN ORSELET ET AL. *v.* KEVIN T. DEMATTEO ET AL. (13174)

PETERS, C. J., SHEA, GLASS, COVELLO and HULL, Js.

Argued January 7—decision released March 15, 1988

*Thomas P. Willcutts,* for the appellant (plaintiff Electric Insurance Company).

*James M. S. Ullman,* for the appellees (defendants).

GLASS, J. This action arises out of the collision of an automobile owned by the named plaintiff Erin Orselet and operated by Kenneth Palmero, and an automobile owned by the defendant DeMatteo Construction Company and operated by the named defendant Kevin T. DeMatteo. The accident occurred on July 26, 1983, in Norwalk. On April 13, 1984, as a result of the accident Orselet instituted a small claims action against the defendants in the Norwalk Superior Court, Small Claims Session, for car rental expenses. By writ dated May 18, 1984, Orselet instituted this action, based on the same accident, against the defendants in the Superior Court for the Judicial District of Stamford-Norwalk, while the small claims action was pending. In her complaint, Orselet claimed damages for her automobile and damages for the loss of use of her car. On August 8, 1984, the defendants filed an answer and special defense to the complaint. In their answer the defendants denied the allegations of the complaint and in their special defense they alleged the comparative negligence of the operator of the Orselet automobile. On August 15, 1984, in her reply, Orselet denied the allegations of the special defense. On November 21, 1984, after a contested hearing, Orselet obtained a judgment of $395.45 in damages and $20 for costs in the small claims action against the defendants.

On March 5, 1986, this case was transferred from the Superior Court in the Judicial District of Stamford-Norwalk to the Superior Court in the Judicial District of Middlesex. On April 25, 1986, the defendants filed an amended answer and set up as a special defense Orselet's small claims judgment as a res judicata bar to this action. Orselet denied the allegations of the special defense and on January 20, 1987, the day of the hearing, filed an amended complaint. In the amended complaint, Orselet added Electric Insurance Company (Electric) as a party plaintiff because, it was alleged, Electric was Orselet's insurer and it had paid to repair the damage to the Orselet automobile. This was the first time that Electric was named in the pleadings. The amended complaint omitted the loss of automobile use claim alleged in the complaint.

After a hearing on the special defense of res judicata, the trial court on January 23, 1987, rendered judgment for the defendants on the grounds that the small claims action resulted in a final judgment on the same cause of action, and therefore, this matter was barred by res judicata. Electric appeals, claiming that the trial court erred in holding that Orselet's Superior Court action was barred by res judicata. We find no error.

The sole issue in this case is whether this action is barred by res judicata. We have stated that: "The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. *State ex rel. Campo* v. *Osborn,* 126 Conn. 214, 218, 10 A.2d 687 (1940); 46 Am. Jur. 2d, Judgments § 394, pp. 558–59. The doctrine is but a manifestation of the recognition that endless litigation leads to confusion or chaos. To prevent multiplicity of

actions equity will enjoin further litigation of a cause of action which has already been adjudicated. *Local 1219* v. *Connecticut Labor Relations Board,* 171 Conn. 342, 355, 370 A.2d 952 (1976). If the same cause of action is again sued on, the judgment is a bar with respect to any claims relating to the cause of action which were actually made or which might have been made. *Bridgeport Hydraulic Co.* v. *Pearson,* 139 Conn. 186, 196, 91 A.2d 778 (1952)." *Wade's Dairy, Inc.* v. *Fairfield,* 181 Conn. 556, 559–60, 436 A.2d 24 (1980).

In *Duhaime* v. *American Reserve Life Ins. Co.,* 200 Conn. 360, 511 A.2d 333 (1986), we recently discussed the principles that govern res judicata, as described in the Restatement (Second) of Judgments. We noted that the basic rule set forth in § 18 of the Restatement states in relevant part: " 'When a valid and final personal judgment is rendered in favor of the plaintiff: (1) [t]he plaintiff cannot thereafter maintain an action on the original claim or any part thereof, although he may be able to maintain an action upon the judgment . . . .' As comment (a) to § 18 explains, '[w]hen the plaintiff recovers a valid and final personal judgment, his original claim is extinguished and rights upon the judgment are substituted for it. The plaintiff's original claim is said to be "merged" in the judgment.' " *Duhaime* v. *American Reserve Life Ins. Co.,* supra, 364. Thereafter, we examined the definition of "original claim" as set forth in the Restatement in §§ 24 and 25, and adopted its transactional test. "The Restatement (Second), Judgments provides, in § 24, that 'the claim [that is] extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. What factual grouping constitutes a "transaction," and what groupings constitute a "series," are to be determined pragmatically, giving weight to such considerations as

whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.' In amplification of this definition of 'original claim,' § 25 of the Restatement (Second) states that '[t]he rule of § 24 applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action (1) [t]o present evidence or grounds or theories of the case not presented in the first action, or (2) [t]o seek remedies or forms of relief not demanded in the first action.' " *Duhaime* v. *American Reserve Life Ins. Co.,* supra, 364–65.

Application of the transactional test requires the conclusion that Orselet's second claim is barred by res judicata. Whether the relief requested is for damages for the repair of the automobile or damages for the loss of its use, the primary facts establishing the rights of the parties remain the same. The two actions differ only with respect to damages. We agree with the trial court that the small claims cause of action is the same as the cause of action in this case.

Electric's claim for the payment of the repair for the Orselet automobile is based on its subrogation rights and therefore constitutes the same cause of action as Orselet's original claim. "The insurer's right of subrogation against third persons causing the loss paid by the insurer to the insured does not rest upon any relation of contract or privity between the insurer and such third persons, but arises out of the contract of insurance and is derived from the insured alone. Consequently, the insurer can take nothing by subrogation but the rights of the insured, and is subrogated to only such rights as the insured possesses. The principle has been frequently expressed in the form that the rights of the insurer against the wrongdoer cannot rise higher than the rights of the insured against such wrongdoer,

since the insurer as subrogee, in contemplation of law, stands in the place of the insured and succeeds to whatever rights he may have in the matter. Therefore, any defense which a wrongdoer has against the insured is good against the insurer subrogated to the rights of the insured." 44 Am. Jur. 2d 785–86, Insurance § 1795. In an unrelated area we applied the principle that is controlling here regarding the relationship between a subrogor and a subrogee. We stated that "[a] subrogee can obtain no greater rights against a third person than its subrogor had." *Connecticut Savings Bank* v. *First National Bank & Trust Co.,* 138 Conn. 298, 305, 84 A.2d 267 (1951). We adhere to this principle.

Notwithstanding the rules pertaining to res judicata and subrogation, Electric argues that this appeal is controlled by the rules regarding the splitting of a cause of action. Specifically, Electric argues that although the law prohibits the splitting of a cause of action, this prohibition is for the benefit of defendants and that defendants, therefore, may consent to the splitting of the cause of action, either explicitly or implicitly by conduct. In support of this argument Electric relies on cases cited in the annotation entitled "Waiver of, by Failing to Promptly Raise, Objection to Splitting Cause of Action," 40 A.L.R.3d 108–31. We have examined these cases and to the extent that they advance an absolute rule, we are not persuaded to follow them. In this case the defendants were confronted with a dilemma. On the one hand even if the defendants knew enough about small claims procedure to take appropriate action to make a motion and pay the necessary court fees to transfer[1] the small claims action to the regular civil

---

[1] "[Practice Book] Sec. 572. TRANSFER TO REGULAR DOCKET

"A case duly entered on the small claims docket of a geographical area or housing session court location shall be tranferred to the regular docket of the superior court or to the regular housing docket, respectively, if the following conditions are met:

"(1) The defendant, or the plaintiff if the defendant has filed a counter-

docket in the district for consolidation with this case, the defendants would have been at risk of having to pay Orselet's counsel fees if the defendants lost the small claims action.[2] On the other hand, if they proceeded with the small claims action, as they did, they ran the risk of being accused of having consented to the splitting of Orselet's cause of action, since they had failed to take any action to consolidate the multiple lawsuits. We decline to require the defendants to grasp, at their peril, either horn of this dilemma.

Instead, whether res judicata is a defense depends on the facts peculiar to the case. In this case there is

claim, shall file a motion to transfer the case to the regular docket. This motion must be filed on or before the answer date.

"(2) The motion to transfer must be accompanied by (a) a counterclaim in an amount greater than the jurisdiction of the small claims court; or (b) an affidavit stating that a good defense exists to the claim and setting forth with specificity the nature of the defense, or stating that the case has been properly claimed for trial by jury.

"(3) The moving party shall comply with such terms as are fixed by the court, which shall at least provide for not less than the amount of an entry fee of a case in the superior court.

"Except as otherwise provided herein, the case shall remain in the clerk's office serving the geographical area and be placed upon the regular docket or, where applicable, shall remain in the housing session and be placed upon the regular housing docket. A case on the small claims docket of a geographical area court location which has been properly claimed for a jury trial shall be transferred to the regular docket of the clerk's office of the superior court serving the judicial district within which the geographical area is located. A case may be consolidated with a case pending in any other clerk's office of the superior court.

"In the event of transfer of a case to another court location, under the provisions of the statutes and rules of court, the original docket sheet or card, together with all papers and documents incorporated therein by reference, shall be transmitted to the clerk of such court and copies thereof shall be retained by the clerk of the court from which the case was transferred."

[2] "[General Statutes] Sec. 52-251a. COSTS, ATTORNEY'S FEES ON SMALL CLAIMS MATTER TRANSFERRED TO REGULAR DOCKET. Whenever the plaintiff prevails in a small claims matter which was transferred to the regular docket in the superior court on the motion of the defendant, the court may allow to the plaintiff his costs, together with reasonable attorney's fees to be taxed by the court."

no evidence to indicate that the defendants' conduct contributed to the filing of two separate lawsuits based on a single cause of action. Although the defendants retained counsel to assist in the defense against the cause of action set forth in this complaint, the defendants participated in the contested small claims hearing pro se. Orselet had counsel in the small claims case as well as in the action here. The present record provides no support for Electric's argument that a "crafty defense counsel"[3] might rush to judgment on a small property claim in order to bar a later larger claim. On the present record, it is not unreasonable to attribute the filing of multiple suits to the lack of communication between the insured and the insurer rather than to the failure of the defendants to move to consolidate the multiplicitous suits.

Since the judgment rendered in the small claims session is final; General Statutes § 51-197a;[4] Practice Book § 581;[5] the trial court properly allowed the defense of res judicata to bar this action. *Bridgeport Hydraulic*

[3] Included in Electric's argument is the following: "It is not difficult to imagine a situation in which an insurance company and insured unwittingly and innocently bring simultaneous actions for property damage and personal injuries respectively against the same defendant arising out of the same incident. Assume further that the property damage claim has relatively small value, whereas the personal injuries are very serious. It would behoove a crafty defense counsel to rush the property damage claim to judgment, no matter what the result, in order to escape responsibility in the more serious action. In this manner, a truly deserving and gravely injured plaintiff could forfeit a thoroughly meritorious claim. Equity requires that such a forfeiture be avoided unless it is balanced by an equally significant policy consideration." Because this argument is purely speculative, it does not warrant further consideration.

[4] General Statutes § 51-197a provides in pertinent part: "(a) Appeals from final judgments or actions of the superior court shall be taken to the appellate court in accordance with section 51-197c, except for small claims, which are not appealable . . . ."

[5] Practice Book § 581 provides: "Except as provided in Sec. 584, the judgments and decisions rendered in the small claims session are final and conclusive. All judgments are nonappealable."

*Co.* v. *Pearson,* supra, 195–96. "Our rules of res judicata are based on the public policy that 'a party should not be allowed to relitigate a matter which it already has had an opportunity to litigate.' *In re Juvenile Appeal (83–DE),* 190 Conn. 310, 318, 460 A.2d 1277 (1983); *Corey* v. *Avco-Lycoming Division,* 163 Conn. 309, 316–17, 307 A.2d 155 (1972), cert. denied, 409 U.S. 1116, 93 S. Ct. 903, 34 L. Ed. 2d 699 (1973). '[T]he purpose of a law suit is not only to do substantial justice but to bring an end to controversy.' James & Hazard, Civil Procedure (3d Ed. 1985) § 11.2, p. 590." *Duhaime* v. *American Reserve Life Ins. Co.,* supra, 363–64.

There is no error.

In this opinion PETERS, C. J., COVELLO and HULL, Js., concurred.

SHEA, J., dissenting. I disagree with the majority's apparent rejection of the rule followed in most jurisdictions that the failure of a defendant to object seasonably to the splitting of a cause of action ordinarily constitutes a waiver of the prohibition against doing so, which exists primarily for his benefit. Annot., 40 A.L.R.3d 108, 114–16. When a defendant waits until one of two suits based upon a single cause of action has gone to judgment, as in the present case, his subsequently raised objection or defense invoking the rule against splitting comes too late. Id., 118–23.

The majority opinion excuses the failure of the defendants to voice their objection in the small claims action on the ground that they might have subjected themselves to liability for counsel fees pursuant to General Statutes § 52-251a[1] if the plaintiff in the small claims action should have prevailed. This explanation for refusing to apply the general rule of implied waiver, however, overlooks the neglect of the defendants to

---

[1] See footnote 2 of the majority opinion.

raise a duplicity of suit objection in the present action, which was brought one month after the small claims action had been started, either at the time when the defendants answered the complaint on August 8, 1984, or at some time prior to the rendering of judgment in the small claims action on November 21, 1984. Having been served with the complaint in each action, the defendants unquestionably were chargeable with knowledge that two suits arising from the same accident were pending against them. If they had filed a timely objection in the present action, instead of waiting until April 25, 1986, to set up the judgment in the small claims action as a bar under the defense of res judicata, the burden would have been upon the nominal plaintiff in this suit to consolidate the actions by transferring the small claims action or suffer the consequences. If the small claims suit had been transferred on motion of the plaintiff, the defendants would not have been exposed to a possible liability for counsel fees pursuant to § 52-251a, because the statute is inapplicable where a transfer has been granted at the behest of a plaintiff.

The majority opinion relies largely upon §§ 18 and 24 of the Restatement (Second) of Judgments, which preclude a plaintiff from bringing a second action, even for different relief, where the same cause of action has been formerly adjudicated. It completely ignores § 37 of the Restatement, however, which contains the rules relating to nominal parties and the partial assignment of a cause of action that are pertinent to the case before us. As the record indicates, the complaint in this case was amended on January 20, 1987, prior to judgment, to make the original plaintiff's collision insurer an additional party plaintiff for the purpose of asserting, as the real party in interest, its subrogation claim for damage to the insured automobile. Section 37 provides that "[a] person denominated as the party having the proprietary or other enforceable interest in the subject

matter of an action is bound by and entitled to the benefits of the rules of res judicata if he has put the person controlling the action in a position so to denominate him, *unless he lacks such an interest and the opposing party has knowledge of that fact."* (Emphasis added.)

As comment d to § 37 explains, "the circumstances under which the claim has been 'split' may put the obligor on notice that a transfer has occurred and that the transferor's involvement in the action is only nominal. Under the rule of this Section, a judgment favorable to the obligor is not preclusive against the transferor as to the issues determined in the action." The same principle should also apply in favor of a transferee where the obligor has notice of his interest. Thus, if the defendants were seasonably chargeable with notice of the plaintiff insurer's subrogation interest while both the small claims suit and this action were pending during the period May 18, 1984, the date of the second writ, and November 21, 1984, the date of the first judgment, the bar of res judicata would be inapplicable under § 37 of the Restatement. Any information coming to the attention of the attorneys who represented the defendants in this action must be attributed to them. Whether the defendants knew or should reasonably have known of the plaintiff's interest in the claim might under § 37 require a factual inquiry in the trial court.

The reporter's note to comments c and d of the Restatement discusses specifically the failure of a defendant to object to the splitting of a cause of action where there has been a partial assignment or subrogation: "Whether his failure to raise that objection results in his later being estopped to assert the defense of merger or bar is the subject of conflicting decisions. The better reasoned ones find such an estoppel where the defendant was aware, at the time of the first action, of the transferee's separate interest, a result that

implicitly accords with the rule of this Section. See, e.g., *Nationwide Ins. Co.* v. *Steigerwalt,* 21 Ohio St. 2d 87, 255 N.E.2d 570 (1970); *Hardware Dealers [Mutual] Fire Ins. Co.* v. *Farmers Ins. Exchange,* 4 Wash. App. 49, 480 P.2d 226 (1971); Annots. 40 A.L.R.3d 108, 123 (1971); 62 A.L.R.2d 977, 989 (1958); 22 A.L.R.2d 1455 (1952).''

In the two cases specifically cited by the reporter as ''better reasoned'' it does not appear that any factual inquiry was conducted into whether the defendant actually knew of the absent transferee or transferor's interest. Such knowledge appears to have been presumed simply from the fact that the two actions were pending against the same defendants at the same time. *Nationwide Ins. Co.* v. *Steigerwalt,* supra; *Hardware Dealers Mutual Fire Ins. Co.* v. *Farmers Ins. Exchange,* supra.

The failure of the majority opinion even to consider the rules set forth in § 37 and the related comments of the Restatement concerning partial assignments of causes of action is quite inconsistent with its purported reliance upon §§ 18 and 24, which state only the general rule of claim preclusion and do not address the problem before us of a partial assignment of a cause of action by subrogation dealt with in § 37. Because there remains in this case the unresolved factual issue of the defendants' chargeability with awareness of the plaintiff insurer's interest in the claim, on which the Restatement preclusion doctrine depends, the case should be remanded to the trial court for further proceedings to determine that issue. I cannot agree with the affirmance of the judgment by the majority because the trial court has overlooked this critical issue.

Accordingly, I dissent.