[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendants Calvin Miller and the Allied Grocers Co-Operative, Incorporated ("Allied") have moved for summary judgment in this action in which the plaintiff has brought a multiple count complaint against the plaintiff's former employer, Allied, Calvin Miller, Allied's general manager, and the Teamsters Union Local 559 ("the "Union"). The plaintiff alleges that Allied wrongfully discharged him when it fired him in order to induce the Union to agree to have union members work in contravention of their union contract. The plaintiff further alleges that there was an oral contract between him and Allied, and his discharge was a breach of that contract and the covenants of good faith and fair dealing, that Allied negligently misrepresented to the plaintiff that he would have a job for life, that Allied conspired with the Union and with Miller and the plaintiff would be discharged from his employment in exchange for the union's agreement to work the evening shift, and that Allied intentionally inflicted emotional distress upon the plaintiff.
The First Count alleges that the plaintiff was wrongfully discharged in order to induce the Union to work in violation of the terms of its Union contract. The plaintiff has submitted affidavits which support this allegation. The court must next analyze whether the facts alleged by the plaintiff state a cause of action or wrongful discharge.
In Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471,427 A.2d 385 (1980) the court held that an at-will employer has a cause of action for wrongful discharge if he can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some violation of an important public policy. 179 Conn. at 475. The public policy in question need not derive from the violation of a statute, but might involve "a judicially conceived notion of public policy." Morris v. Hartford Courant Co., 200 Conn. 676, 680, 513 A.2d 66
(1986). However, the public policy exception to the general rule of the employment at-will doctrine is narrowly constructed CT Page 8519 to serve a limited purpose, that is, to "`draw the line between claims that genuinely involve the mandates of public policy and are actionable, and ordinary disputes between employee and employer that are not.'" Battista v. United Illuminating Co.,10 Conn. App. 486, 497, 5223 A.2d 1356 (1987) quoting Sheets at 477.
The plaintiff has alleged and has produced evidence that he was terminated to induce the Union to violate the terms of a Union contract. The public policy against interference with union contracts could be sufficiently important to support a cause of action under Sheets.
Therefore, the motion for summary judgment on the First Count is denied.
The Second Count alleges the breach of an oral employment contract. The plaintiff has submitted affidavits and deposition testimony which indicate that Calvin Miller, Allied's president, told the plaintiff that if Roger Racine, the Union representative, was making comments about Allied getting rid of the plaintiff, then the plaintiff would have a job for life. Under the law in Connecticut, an employment contract for an indefinite time period is terminable at the will of the employer. Slifkin v. Condec Corporation, 13 Conn. App. 538,548, 538 A.2d 231 (1988); Sheets v. Teddy's Frosted Foods, Inc.,179 Conn. 471, 475, 427 A.2d 385 (1980); Magnon v. Anaconda Industries, Inc., 193 Conn. 558, 572, 479 A.2d 781 (1984).
In Slifkin, supra, the parties signed a written memorandum which set forth the employer's obligation to employ the plaintiff "until such time as plaintiff qualified for 100% vesting in each of the benefit plans offered by the defendant."13 Conn. App. at 540. The court found that the duration of the contract was actuarially computable and such computation had been prepared for the defendant. Therefore, the court concluded that the contract was for a definite period of employment.
The plaintiff urges the court to analogize this case to Slifkin on the theory that a contract "for life" is for a definite period of time because the plaintiff's life expectancy is a definite period of time. Unlike the situation in Slifkin where the exact duration of the plaintiff's employment could be calculated, no exact period can be ascertained in this case. The plaintiff may well live longer than, or not as long as his predicted life expectancy. Therefore, a contract of employment for life is necessarily of an indefinite duration. Finley v. Aetna Life Casualty Co., 202 Conn. 190, 197,520 A.2d 208 (1987).
CT Page 8520 For the foregoing reasons, the motion for summary judgment is granted as to the Second Count.
In the Third Count the plaintiff alleges that Allied and Miller negligently represented to the plaintiff that he would have a job for life, that Allied and Miller knew or should have known that that representation was false and that the plaintiff justifiably relied on that representation to his detriment.
In D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 520 A.2d 217 (1987) the court recognized a cause of action for negligent misrepresentation. The court stated:
 For purposes of a cause of action for negligent misrepresentation, however, the plaintiff need not prove that the representations made by the defendants were promissory. It is sufficient to allege that the representations contained false information. The gravamen of the defendants' alleged negligence is that the defendants made unconditional representations of their plans to rehire the plaintiff, when in fact the defendants knew or should have known that hiring plans would be contingent upon student enrollment levels for the following year. Richard v. A. Waldman Sons, Inc., supra, 346; 3 Restatement (Second), Torts (1979) 552. . . . If the plaintiff's complaint otherwise contains the necessary elements of negligent misrepresentation, it survives a motion to strike even though the first and third counts grounded in promissory estoppel must fall. 202 Conn. at 218-219.
The defendants claim that Miller's alleged promises of lifetime was conditional. The plaintiff claims that Miller told him, essentially, that if the Union representative claimed that "the place would run better" without the plaintiff, then the plaintiff would have a job for life. The defendants further claim that "no reasonable person would have concluded that the statement of Calvin Miller was anything but hyperbole." A motion for summary judgment should be denied unless the evidence is such that no room for disbelief could exist in the minds of the jury. Yanow v. Teal Industries, 178 Conn. 371, 423 A.2d 77
(1979); Diulio v. Goulet, 2 Conn. App. 701, 483 A.2d 1099
(1984). The determination of the conditional nature of Miller's statement and whether or not the plaintiff reasonably relied on it should be left to the jury.
The defendants also claim that Allied's employee manual contained a disclaimer which indicated that no person at Allied CT Page 8521 had the authority to commit to guaranteed or continuing employment. The plaintiff has submitted an affidavit in which he denies receiving the employee manual. In Carbone v. Atlantic Richfield Co., 204 Conn. 460, 472, 528 A.2d 1137 (1987), the court held that the plaintiff could not claim to have relied on language in an employee manual to constitute an employment contract if he never received the manual. By the same token, in the context of a motion for summary judgment, the plaintiff's claims cannot be barred by an employee manual which was never received by the plaintiff.
For the foregoing reasons, the motion for summary judgment on the Third Count is denied.
The Fourth Count alleges that Calvin Miller, acting outside the scope of his employment, maliciously and intentionally interferred with the plaintiff's employment contract and/or business relations with Allied when he wrongfully discharged the plaintiff from his employment and/or conspired with Allied and the Union to wrongfully discharge the plaintiff in order to satisfy personal feelings against the plaintiff and/or to induce the Union to cooperate with Allied regarding work schedules of union members. The Sixth Count alleges that Allied and Miller conspired with the Union to tortiously interfere with plaintiff's contractual and/or business relations and conspired with the Union to discharge the plaintiff from his employment with Allied in violation of public policy.
The defendants argue that the plaintiff has offered no competent evidence of an agreement between the Union and management to fire the plaintiff. However, the plaintiff has presented affidavits and deposition testimony which tend to prove that Roger Racine, the Union representative, disliked the plaintiff and indicated on many occasions that Allied would receive greater cooperation from the Union if the plaintiff was terminated. The cooperation Racine offered was the Union's agreement to work the evening shift in contravention of the terms of the existing Union contract. In September of 1989, the Union did start working the evening shift and in late November of 1989 the plaintiff's employment was terminated. The plaintiff has presented evidence which, if believed by a jury, could establish that the reasons for the plaintiff's termination were pretextual. Based on the foregoing, a jury could infer an agreement between the Union and Miller sufficient to find a civil conspiracy to tortiously interfere with the plaintiff's employment order. Williams v. Maislen, 116 Conn. 433, 437,165 A.2d 455 (1933). Circumstantial evidence is permitted to prove an agreement necessary to support a conspiracy. In re Eliesar C., 4 Conn. App. 445, 447, 541 A.2d 528 (1988). CT Page 8522
A jury could also infer an improper motive for the plaintiff's termination sufficient to sustain a finding of tortious interference. Robert S. Weiss Associates, Inc. v. Wiederlight, 208 Conn. 525, 537, 546 A.2d 216 (1991).
Therefore, the motion for summary judgment directed to the Fourth and Sixth Counts of the complaint is denied.
The Seventh Count alleges that Allied, Miller and the Union intentionally inflicted emotional distress on the plaintiff. The defendants claim that the plaintiff has produced no evidence that the defendants intended to inflict emotional distress on the plaintiff. The plaintiff has produced sufficient evidence concerning the circumstances surrounding his termination to permit a jury to infer that the defendants intended to inflict emotional distress on the plaintiff. Such evidence includes the defendant's knowledge of the plaintiff's lengthy employment with Allied, and his dedication to his job, the reasons given by Allied for the plaintiff's termination and the manner in which the plaintiff's employment was terminated.
The motion for summary judgment as to the Seventh Count, is, therefore, denied.
By The Court: Aurigemma, J.