[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION]
I.
The plaintiff Meadow View Estates, Inc. has brought the instant action against Lee B. Morsey, Steven Hinckley and Cathy Morsey, all doing business as L S Construction Co. for the cost of removal of demolition debris illegally dumped on CT Page 4341 its property by L S Construction Co.
Prior to trial, Steven Hinckley had been defaulted for failure to appear. Lee Morsey, who did not appear at trial, and his wife, Cathy Morsey who was present, were represented by counsel.
The history of the illegal dumping was the subject of prior litigation, [Timothy R. E. Keeney v. L S ConstructionCo], 226 Conn. 205 (1993) and the actual facts of the dumping were not at issue in this case. Indeed, the defendants stipulated that the dumping occurred.
 II. A.
Andre Dorval, the treasurer of the plaintiff, testified that the cost of removal paid by the plaintiff was $76,128.00. Bills and checks totalling $77,345.48, however, were introduced in evidence without objection. This court accordingly finds that the costs incurred by the plaintiff for remediation were $77,345.48.
 B.
As indicated, Lee Morsey did not attend trial. Cathy Morsey, through her attorney, vigorously argued that she was not a principal of L S Construction and thus not liable. She introduced a copy of the trade name certificate filed by L S Construction in New Milford on February 13, 1987. The certificate notes that Lee Morsey and Steven Hinckley were doing business as L S Construction Co. The issue is, however, not subject to debate. In his memorandum of opinion, in the prior action, judge Freed found, on page two, that,
 Lee and Cathy Morsey, as well as Steven Hinckley, are owners (partners) or agents of L S Construction (a partnership) and any acts of L S are equally attributable to these individuals. Gen. Stat. § 34-51.
His finding of fact that Cathy Morsey is a partner of L S Construction must stand. Our Supreme Court has stated in CT Page 4342Orselet v. DeMatteo, 206 Conn. 542, 544 (1988):
 "The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. The doctrine is but a manifestation of the recognition that endless litigation leads to confusion or chaos. (Citations omitted).
If the defendant Cathy Morsey contested Judge Freed's finding that she was a partner, she could have included that in her appeal. She did not.
 III.
[Conclusion]
Judgment enters for the plaintiff against all defendants in the sum of $77,345.48, plus costs.
MARSHALL K. BERGER, JR. JUDGE, SUPERIOR COURT