[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants have moved for summary judgment in the above-captioned case, in which the plaintiff seeks to recover the basic reparations benefits it paid to its insured upon a claim arising from a motor vehicle collision with a truck alleged to have been owned by defendant Buy-Rite Fuel Oil, Inc. and driven by defendant Matthew Coppola.
The defendants assert, that the plaintiff's claim is barred by General Statutes § 52-584, which they allege is the applicable statute of limitations.
The plaintiff asserts that since its cause of action is based on subrogation of the rights of its insured against the defendants, the action is equitable and is not subject to the cited statute of limitations.
Alternatively, the plaintiff claims that its right to recover from the defendants as tortfeasors is contractual and that the six-year limitation period provided in General Statutes § 52-576(a) applies.
In its complaint, the plaintiff alleges that on or about March 23, 1992, the defendants' vehicle struck a vehicle operated by Carmine Longobardi, who was driving with the permission of the plaintiff's insureds, Aniello and Rosemary Longobardi. The plaintiff alleges that the driver was injured as a result of the defendants' negligence and that, as a result, the plaintiff was obligated by the terms of its contract of insurance with the Longobardis to pay $3609.15 in basic reparations benefits to Carmine Longobardi. The plaintiff alleges that it has brought suit to recover this amount upon subrogation of this portion of the claim of Carmine Longobardi.
The sheriff's return clearly indicates that the writ, summons and complaint were served on the defendants on April 11, 1994. The plaintiff has submitted an affidavit of its counsel stating as follows: CT Page 9712
 2. On or about March 8, 1994, I prepared and had my secretary, Danielle Fazzaro, forward a complaint to a sheriff for service.
 3. On or about April 7, 1994, I was informed by the aforementioned sheriff that the complaint had not been served yet.
 4. I issued another complaint and had same served upon the defendants by another sheriff on or about April 11, 1994.
STANDARD FOR SUMMARY JUDGMENT
Summary judgment is appropriate when it is clear what the facts are, that there are not disputed issues of material fact, and that the facts entitle the movant to relief as a matter of law. Practice Book § 384; Suarez v. Dickmont Plastics Corp., 229 Conn. 99,105 (1994). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The test is whether a party would be entitled to a directed verdict on the same facts. Connell v. Colwell,214 Conn. 242, 246-47 (1990).
DISCUSSION
The court finds that the relevant facts are not in dispute as to the defendants' special defense that the plaintiff's claim is barred by the statute of limitation. The allegations of the complaint indicate the nature of the cause of action and the sheriff's return establishes when suit was commenced. While counsel's affidavit suggest that some prior attempt was made to commence the action, the entrustment of a writ, summons and complaint to a sheriff who does not actually serve them within the time allowed by law does not toll the statute of limitations.
In this jurisdiction, an action is commenced on the date of service of the writ, summons and complaint upon the defendant.Valley Cable Vision, Inc. v. Public Utilities Commission, 175 Conn. 30,33 (1978); Broderick v. Jackman, 167 Conn. 96, 99 (1974);Seaboard Burner Corp. v. DeLong, 145 Conn. 300, 303 (1958).
Pursuant to General Statutes § 52-593a, process is timely if it is personally delivered to a sheriff within the time limited by law CT Page 9713 providing that process is properly served within fifteen days of delivery to the sheriff.
The plaintiff's insured's claim against the defendant was indisputably a personal injury claim which had to be commenced within two years of the date of the motor vehicle collision pursuant to General Statutes § 52-584.
A party exercising the rights of an insured through subrogation obtains no greater or different rights against an alleged tortfeasor than the insured had. Orselet v. DeMatteo,206 Conn. 542, 546-47 (1988). Accordingly, the plaintiff's right of action against the defendant is barred by the applicable statute of limitation if this suit was not brought within two years. Since the motor vehicle collision at issue is alleged to have occurred on March 23, 1992, the plaintiff had until March 23, 1994 to serve the defendant or, by operation of General Statutes § 52-593a, the plaintiff had until March 23, 1994 to put process in the hands of a sheriff; and the suit would have been timely if the sheriff served it within fifteen days.
The undisputed fact is that the suit was not served on the defendant until April 11, 1994. The allegations in the affidavit of plaintiff's counsel concerning the sending of process to a sheriff on March 8, 1994 are to no effect since it is not alleged that the sheriff accomplished service within the fifteen days allowed by General Statutes § 52-593a.
The plaintiff argues unpersuasively that the applicable period of limitation is not § 52-584 because of its written contract of insurance with the party whose right it is asserting via subrogation. As the Supreme Court noted in Orselet v. DeMatteo,206 Conn. 542, an insurer's right of subrogation against third persons causing the loss paid by the insurer to the insured does not rest upon any relation of contract or privity between the insurer and such third persons, but arises out of the contract of insurance and is derived from the insured alone. The insurer can take no more by subrogation than the insured possesses: in this case, the right to bring an action within two years of the collision to recover for personal injuries and property damage.
The plaintiff also argues that the applicable limitation period is the three-year period designated in § 52-577. Since the tort alleged is a personal injury claim alleging negligence, however, § 52-584 supplies the applicable limitation period. CT Page 9714
The undisputed facts establish that this suit was not commenced within the two years allowed by law, and summary judgment is therefore granted as to the special defense asserted by the defendant.
Judgment shall enter in favor of the defendant, with costs to be taxed upon application to the clerk.
Beverly J. Hodgson Judge of the Superior Court