[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
I
The factual and procedural backdrop of this case is as CT Page 1138 follows.
The plaintiffs, Thomas Kondratowicz and Donna Kondratowicz, husband and wife, and the defendant, Patrick Riley, a carpenter, entered into an oral contract for the construction of an addition to their home. In their small claims complaint, the plaintiffs claimed that they expended sums to remove a mechanics' lien placed on their residential property when the defendant failed to pay the suppliers of material used in the work. In addition, plaintiffs assert that they had to expend sums for various materials including sheetrock and flooring material, and labor costs to properly complete the job pursuant to the contract. Plaintiffs also seek a sum certain for an alleged overpayment made to defendant when he terminated his work on the job.
In order to meet the jurisdictional requirements of the small claims session, plaintiffs reduced their total claim for damages to $2,000, and commenced this action in that court on March 4, 1994. (Docket No. SC21-39692) On March 31, 1994, the defendant moved to transfer the case to this court asserting that he had a good defense to the action based on a claim of res judicata. The motion to transfer was granted.
Thereafter, plaintiffs filed a revised complaint basically setting forth in more detail the claims that were made in the small claims action and now seek damages in the amount of $3,021.18 together with attorney's fees.
By an amended answer filed with the court, defendant denied most of the allegations contained in the revised complaint and asserted a special defense that the present claim was barred by the doctrine of res judicata. Specifically, defendant alleges that on May 24, 1993,[1] plaintiffs filed and obtained judgment in a small claims session against him for damages for unreimbursed expenses relating to doorjambs and for the negligent installation of a window. He asserts that these items were part of the addition contracted for.
Defendant now moves for summary judgment on the ground that this action is barred by the doctrine of res judicata because the plaintiffs' claim arises out of the same transaction or transactions which were the subject of the earlier small claims suit CT Page 1139
Plaintiffs oppose defendant's motion and claim that the present action and the prior small claims adjudication constitute separate and distinct events and causes of action.
Both sides have submitted memoranda of law in support of their respective positions. Also attached to plaintiffs' memorandum is the affidavit of the plaintiff husband.
 II
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279
(1989)[.]
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . [A]nd the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105-106 (1994).
 III
A judgment rendered in a small claims session may be used as a defense of res judicata to bar another action. SeeOrselet v. DeMatteo, 206 Conn. 542, 549 (1988).
"The doctrine of res judicata holds that an existing final judgment rendered upon the merits . . . by a court of competent jurisdiction, is conclusive of causes of action and of CT Page 1140 facts and issues thereby litigated as to the parties . . . in all actions in the same or any other judicial tribunal of concurrent jurisdiction. If the same cause of action is again sued upon, the judgment is a bar with respect to any claims relating to the cause of action which were actually made or which might havebeen made." (Citations omitted; emphasis added.) MiddlesexMutual Assurance Co. v. Harrison, Judicial District of Stamford/Norwalk at Stamford, Docket No. 011294S (July 28, 1992, Nigro, J.). The doctrine is but a manifestation of the recognition that endless litigation leads to confusion or chaos. Orselet v.DeMatteo, supra, 206 Conn. 544.
In order to determine whether or not the doctrine of res judicata applies, our courts have applied the rule found in Section 18 of the Restatement (Second), Judgments.[2] SeeOrselet v. DeMatteo, supra, 206 Conn. 545. "Because the operative effect of the principle of claim preclusion or merger is to preclude relitigation of the original claim, it is crucial to define the dimensions of that original claim." Duhaime v.American Reserve Life Ins. Co., 200 Conn. 360, 364 (1986).
In order to do so, it is necessary to refer to the transactional test stated in § 24 of the Restatement (Second), Judgments.[3] Orselet v. DeMatteo, supra, 206 Conn. 545. "In determining the nature of the cause of action for [the purposes of the transactional test], we have long looked to the group of facts which is claimed to have brought about an unlawful injury to the plaintiff and have noted that [e]ven though a single group of facts may give rise to rights for several different kinds of relief, it is still a single cause of action." Duhaimev. American Reserve Life Insurance, supra, 200 Conn. 365.
In applying the above standard to the facts of this case, I conclude that the defendant has properly invoked the doctrine of res judicata against plaintiffs' action.
Here, plaintiffs seek to collect additional damages and reimbursement arising from the same construction project that was the subject of the first small claims action. While plaintiffs assert that this court should view their resolution and discharge of the mechanics' lien claim as a separate cause of action caused by defendant's failure to pay his vendors, it is important to note that the mechanics' lien was placed on the plaintiff's property on February 19, 1993, and recorded on February 22, 1993.[4] The first action was filed March 8, 1993. CT Page 1141 The mechanics' lien and other breaches of the contract now claimed by plaintiff are closely related to the original contract and directly arose from it. Thus, plaintiffs had ample opportunity to, and could have, litigated and sought damages on account of the lien and the other contract breaches now claimed at that time, but failed to do so. It would be a strained and narrow application of the transactional test to find that the events and the damages now sought in this action did not flow from the contract which was the subject of the first small claims action. "[The transactional] test measures the preclusive effect of an earlier judgment and will exclude not only claims which were asserted but also claims which could havebeen asserted." (Emphasis provided.) Duhaime v. AmericanReserve Life Ins. Co., supra, 200 Conn. 364. "Our rules of res judicata are based on the public policy that a party should not be allowed to relitigate a matter which it already has had an opportunity to litigate." (Internal quotations omitted.)Orselet v. DeMatteo, supra, 206 Conn. 550.
It is evident that plaintiffs had a full opportunity to pursue all of their damages and claims for breach of contract in their original suit; their failure to have done so precludes them from raising these claims in this action.[5]
I conclude that there are no genuine issues of material fact in dispute and that the doctrine of res judicata bars plaintiffs' present claim, which could have been asserted in the earlier action.
Accordingly, the defendant's motion for summary judgment is granted.
Teller, J.