[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PETITION TO DECLARE PREJUDGMENTREMEDY INVALID
On or about September 26, 1995 the plaintiff was granted a prejudgment remedy of real property attachment by the court. Defendant now petitions to declare that attachment invalid because it was placed on her home and she has a homestead exemption under C.G.S. § 52-352b(t).
Facts
Plaintiff commenced this action against defendant on July 26, 1995, seeking reimbursement, pursuant to Conn. Gen. Stat. § 17b-93, of public assistance totalling $35,085.61.
On August 25, 1995, the plaintiff filed a Motion For Pre-judgment Attachment and on September 25, 1995, a hearing was held before this court on that motion. The defendant attended that hearing and was heard by the court. At that time she did not raise any issue of exemption.
On September 26, 1995, the court granted the motion.
On February 27, 1996, defendant filed a petition raising the issue of the homestead exemption, C.G.S. § 52-352b(t), being a bar to plaintiff s prejudgment attachment. She seeks a declaration that the attachment is void.
Plaintiff objects to defendant's petition on three grounds; "(1) Defendant's claims regarding the homestead exemption are barred by the doctrines of waiver and/or res judicata; (2) the protection afforded an exemptioner under Conn. Gen. Stat. § 52-352b does not bar a creditor from encumbering the exemptioner's real property with a prejudgment attachment, but rather, only bars execution on the lien; (3) the homestead exemption of Conn. Gen. Stat. § 52-352b cannot be applied retrospectively as against obligations or claim existing prior to October 1, 1993 and Defendant's obligations to Plaintiff pursuant to Conn. Gen. Stat. § 17b-93 existed prior to October 1, 1993."
Law
 I Waiver
The court cannot find that defendant has relinquished any known right as set out in the homestead exemption. CT Page 2557
II Res Judicata
Defendant failed to appeal the granting of the prejudgment remedy. Such an appeal is allowed. C.G.S. § 52-2781.
Defendant had a clear opportunity to raise her claim of exemption at the September 25, 1995 hearing. That calls up the doctrine of res judicata which provides that if a claim could have been presented and litigated the decision in that matter prohibits the issue's relitigation. Orselet v.DeMatteo, 206 Conn. 542, 544.
III Retroactivity
The defendant's debt to the state accrued between 1968 and 1982. The exemption statute came into effect October 1, 1993. The court cannot find a reason to apply that statute retroactively. The exemption statute does not apply to this action because this debt did not arise after October 1, 1993. PA 93-350.
The court need not decide plaintiff's second ground for denial and, therefore, does not.
Petition is denied.
N. O'Neill, J.