[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: SUMMARY JUDGMENT
In this action the plaintiff, Kathryn Peach, has filed an amended complaint in five counts against the defendants, Jamestowne Properties, Inc. (Jamestowne), Mont Management Inc., and Schooner Cove Condominium Association, Inc. Counts one two and three are directed to Jamestowne and allege, respectively, negligence, breach of lease and violation of General Statutes § 47a-7, and breach of implied warranty of habitability. CT Page 8506
The case arises from the following facts. The plaintiff entered into a lease with Jamestowne for the rental of condominium unit 109, located at 105 Harbor Road, Stamford, Connecticut from August 28, 1991 through August 31, 1992. In October 1991, a crack in the water supply pipes to the pool caused severe flooding in the crawl space below several of the units, including unit 109. The standing water created a foul odor, excessive humidity, mold and mildew. The plaintiff alleges that these conditions caused her personal injuries and that she incurred damages for medical expenses, lost wages due to absence from work, and additional housing expenses due to her relocation to a hotel during the month of December 1991. The plaintiff placed a stop payment on her $700 rent check in December, but continued to reside in the unit until the lease expired on August 31, 1992. After she vacated the premises, Jamestowne retained a portion of the plaintiff's security deposit to cover the aforementioned nonpayment of rent in December 1991, as well as for cleaning and repair expenses.
On November 26, 1992, the plaintiff brought an action against Jamestowne in the Superior Court, Small Claims Session for recovery of her rental security deposit and demanded $2,000 in damages. On January 6, 1993, the matter was heard by Magistrate Ertman, who awarded the plaintiff $1,279.90. Both parties were represented by counsel; no written decision was rendered. The judgment was satisfied on September 21, 1994.
The plaintiff subsequently filed the present action in Superior Court. Jamestowne has filed a motion for summary judgment on counts one, two and three on the grounds that the plaintiff's claims have already been litigated in a prior action, that the judgment has been satisfied, that the plaintiff's admissions leave no question of fact for the court to determine, that Jamestowne was not in possession or control of the area which caused the plaintiff's claimed injuries, and that there are no genuine issues of fact concerning Jamestowne's liability. With its memorandum of law Jamestowne submitted affidavits and other documents. The plaintiff also filed an affidavit with its objection to the defendant's motion.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "The burden of establishing the absence of a genuine issue of material fact and the entitlement to recovery as CT Page 8507 a matter of law lies with the moving party." Zapata v. Burns,207 Conn. 496, 502, 542 A.2d 700 (1988). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) Haesche v. Kissner, 229 Conn. 213, 217, 640 A.2d 89
(1994). "Because res judicata or collateral estoppel, if raised, may be dispositive of a claim, summary judgment [is] the appropriate method for resolving a claim of res judicata."Jackson v. R.G. Whipple, Inc., 225 Conn. 705, 712, 627 A.2d 374
(1993).
In support of its motion for summary judgment, Jamestowne argues that the plaintiff's claims have already been addressed in the small claims session and cannot be relitigated. It relies onLockwood v. Professional Wheelchair Transportation, Inc.,37 Conn. App. 85, 96, 654 A.2d 1252 (1995) for the proposition that a decision by the small claims court is a final one. Jamestowne also contends that the small claims session action was not limited to the return of the security deposit, but included a tort claim. In support of this contention, Jamestowne points out that the security deposit was only $700, yet the magistrate awarded the plaintiff $1,279.90. Jamestowne has also provided affidavits signed by James Farrell, the attorney representing Jamestowne[1], Thomas Schiller, the president of Jamestowne, John Hudock, an attorney[2], and James Caldarone, an employee of William Pitt Real Estate, all of which state that the plaintiff introduced copies of her medical bills and expenses during the small claims session.
Jamestowne also argues that even though the small claims session has limited monetary jurisdiction, the plaintiff cannot claim additional monetary relief in Superior Court because of the principle of res judicata. Jamestowne relies on Gagne v. Norton,189 Conn. 29, 32, 453 A.2d 1162 (1983) which, citing Corey v.Avco-Lycoming Division, 163 Conn. 309, 317, 307 A.2d 155 (1972), cert. denied, 409 U.S. 1116, 93 S.Ct. 903, 34 L.Ed.2d 699 (1973), stated "[a] final judgment on the merits is conclusive on the parties in an action and their privies as to the cause of action involved. If the same cause of action is again sued on, the judgment is conclusive with respect to any claims relating to the cause of action which were actually made or might have been made." Later the court stated "[in] a settlement of the controversy by the parties thereto it is usually presumed that CT Page 8508 the parties intended to settle all aspects of the controversy, including all issues raised by the papers comprising the record."Gagne v. Norton, supra, 189 Conn. 34.
Jamestowne then applies the transaction test approved inOrselet v. DeMatteo, 206 Conn. 542, 545-46, 539 A.2d 95 (1988) to determine whether the present action is barred by res judicata because it relates to the plaintiff's original claims. The transaction test considers "whether the facts are related in time, space, origin or motivation. . . ." Id., 546. Jamestowne argues that the relationship between it and the plaintiff is that of landlord and tenant based on a single lease for the one-year rental of unit 109 and that all claims arising out of the relationship were settled at the small claims session. Jamestowne also contends that even assuming that all claims arising out of the relationship were not settled, the plaintiff's present claim is still barred because a party should not be allowed to relitigate a matter which it already has had an opportunity to litigate. Duhaime v. American Reserve Life Ins. Co., 200 Conn. 360,364, 511 A.2d 333 (1986).
In support of its argument that the claims are barred by the doctrine of res judicata, Jamestowne also contends that there are no issues of material fact because the plaintiff has failed to respond to the requests for admissions and therefore, the court should deemed them to be admitted. Jamestowne relies on Rettig v.The Hartford Insurance Co., Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 420319 (October 27, 1987, Spada, J., 3 CSCR 8) for this proposition.
Finally, Jamestowne argues that it is not liable to the plaintiff for injuries and damages arising from the flooded condition of the crawl space beneath unit 109 because Jamestowne never had possession or control of that area. Jamestowne provided an affidavit signed by Thomas R. Schiller, president of Jamestowne, in support of this assertion and contends that defendant Schooner Cove is responsible for the common areas.
In her memorandum of law in opposition to Jamestowne's motion for summary judgment, the plaintiff argues that the present action is not barred by the doctrine of res judicata because the small claims complaint was only based on Jamestowne's refusal to return the security deposit. The plaintiff provides an affidavit wherein she states that when she attempted to introduce medical bills into evidence Magistrate Ertman said that they were not CT Page 8509 relevant to the security deposit case before her. The plaintiff also states that the parties informed Magistrate Ertman that a separate tort action was being contemplated.
Additionally, the plaintiff contends that Jamestowne's argument that there are no genuine issues of material fact because the unanswered admissions are deemed to be admitted is moot because the plaintiff has subsequently answered them and there are issues of material fact in dispute.
Finally, the plaintiff argues that Jamestowne does not have to be in possession or control of the premises to be liable under General Statutes § 47a-7.
Since judgment rendered in a small claims session is final . . . a trial court may properly allow the defense of res judicata to bar a subsequent action. See Orselet v. DeMatteo, supra, 206 Conn. 549. "The doctrine of res judicata holds that an existing final judgment rendered upon the merits . . . by a court of competent jurisdiction, is conclusive of causes of action and of facts and issues thereby litigated as to the parties . . . in all actions in the same or any other judicial tribunal of concurrent jurisdiction. If the same cause of action is again sued upon, the judgment is a bar with respect to any claims relating to the cause of action which were actually made or which might have been made." (Citations omitted) Middlesex MutualAssurance Co. v. Harrison, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 011294 (July 28, 1992, Nigro, J.). "The doctrine is but a manifestation of the recognition that endless litigation leads to confusion or chaos."Orselet v. DeMatteo, supra, 206 Conn. 544.
To determine whether the doctrine of res judicata applies, the courts have applied the rule found in Section 18 of the Restatement (Second), Judgments.[3] See Orselet v. DeMatteo, supra,206 Conn. 545. "Because the operative effect of the principle of claim preclusion or merger is to preclude relitigation of the `original claim,' it is crucial to define the dimensions of that `original claim.'" Duhaime v. American Reserve Life Ins. Co., supra, 200 Conn. 364.
In order to do so, it is necessary to refer to the transactional test stated in § 24 of the Restatement (Second), Judgments.[4] See Orselet v. DeMatteo, supra, 206 Conn. 545. "In determining the nature of a cause of action for these CT Page 8510 purposes, we have long looked to the group of facts which is claimed to have brought about an unlawful injury to the plaintiff . . . and have noted that [e]ven though a single group of facts may give rise to rights for several different kinds of relief, it is still a single cause of action." (Citation omitted; internal quotations marks omitted.) Duhaime v. American ReserveLife Ins. Co., supra, 200 Conn. 365.
In the present case, a copy of the small claims session complaint states that the plaintiff "claims you owe $2,000 plus costs for the following reasons: refusal to return security deposit for a condominium rental, owned by Thomas R. Schiller, Jamestowne Properties, Inc., rented for the period August 31, 1991 to September 1, 1992 at the following address. . . . Deposit monies unfairly retained by Thomas R. Schiller, Jamestowne Properties, Inc., to pay for his landlord responsibilities: carpet shampooing, new light bulbs, cleaning the furniture owned by the new tenant, floor molding, faulty screen door repairs, repetitive kitchen and bathroom cleaning and other landlord responsibilities." Jamestowne's Exhibit A, Brief in Support of Motion for Summary Judgment, April 30, 1996. Jamestowne contends that the small claims session was not limited to the return of the rental security deposit and that the issue of the plaintiff's damages for medical bills was also raised. The plaintiff claims that the prior action addressed only the return of the security deposit, not her other claims of negligence, breach of lease, and breach of implied warranty of habitability. The parties have submitted conflicting affidavits about whether the small claims session was restricted to the return of the security deposit or included claims for medical expenses and bills arising from the flooding of the crawl space below the unit. In ruling on a motion for summary judgment, the trial court cannot accept one affidavit and discount another. DiUlio v. Goulet, 2 Conn. App. 701, 704,483 A.2d 1099 (1984). "A motion for summary judgment should be denied unless the evidence is such that no room for disbelief could exist in the minds of the jury." Relva v. Allied Grocers Co-op,Inc., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 0380768 (September 3, 1992, Aurigemma, J., 7 CSCR 1133). The conflicting evidence presents a genuine issue of fact as to what was litigated or could have been litigated during the small claims session. Accordingly, Jamestowne's motion for summary judgment is denied.
D'ANDREA, J. CT Page 8511