[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 30, 1997
This matter is brought to the attention of the court by defendant's motion for summary judgment on a seven-count complaint sounding in both negligence and recklessness. The action arises out of a rear end collision on I-95 in which the plaintiffs were injured when the vehicle in which they were traveling unexpectedly stopped in the traveled portion of the roadway and was struck by the defendant.
In counts one and two the plaintiff, Wanda Rogers, seeks damages for her own personal injuries. In the remaining counts Ms Rogers seeks damages for personal injuries to her two unemancipated minor children in her representative capacity as parent and next of friend. Prior to instituting the present action, Rogers had instituted an action in Small Claims court solely to recover property damages to the vehicle from the same defendant. That action did not seek to recover for personal injuries either for herself or her children. Judgment in that action was rendered against Rogers.
Defendant files the instant motion arguing that the claims of all parties to this action are barred under the doctrine of resjudicata. The court agrees with regard to the claims of Wanda Rogers made in her individual capacity, but disagrees as to any claims made by the minor children made in her representative capacity.
The defendant correctly applies the doctrine to the Rogers' claim inasmuch as the judgment in Small Claims court was a final judgment and is therefore binding upon her. PB 581. Although Rogers claimed only property damages she had the right and opportunity to claim all damages flowing from the accident up to the jurisdictional amount of that court. PB 549. Consequently, that judgment is a bar to any claims relating to that cause of action which were either actually made or which might have been CT Page 8029 made. Orselet v. DeMatteo, 206 Conn. 542, 545 (1988).
Plaintiffs' procedural objections that the claim of res judicata can only be raised as a special defense and the motion for summary judgment is premature are completely without merit. Under our current rules of practice a motion for summary judgment can be made at any time. P.B. 379 Furthermore, there is no reason why the issue of res judicata cannot be raised by way of summary judgment. See, Zizka v. Water Pollution Control Authority,195 Conn. 682, 687 (1988).
With regard to the claims of the unemancipated children, the doctrine of res judicata is inapplicable in this case. These children were not parties in the Small Claims action nor were they in any way privy to either the property damage or personal injury claim of Rogers. See, Orselet, supra, 546. Res judicata only applies where the parties or those in privity with them had an opportunity to raise the claim but did not. Orselet, supra,
545. Inasmuch as the minor children were not parties in the Small Claims action and inasmuch as Rogers is merely acting as a stand-in for the children in the present action, the doctrine is inapplicable to the children. See, Dwight Building Co. v.Stamford House Wrecking Co., 193 Conn. 297, 301 (1984).
Accordingly, defendant's motion for summary judgment against Wanda Rogers on counts one and two should be and is hereby GRANTED; the motion for summary judgment against the minor children on all of the remaining counts should be and is hereby DENIED.
MELVILLE, J.