[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S COUNTERCLAIM
The plaintiff has brought this action for damages and injunctive relief. She alleges that between December 7, 1998, and August 28, 2000, the defendant filed three lawsuits against her, all of which were terminated in her favor, the first two by court judgment and the third by withdrawal. She claims that the defendant's conduct constitutes the tort of vexatious litigation and she seeks money damages and an injunction barring him from instituting further lawsuits against her.
The defendant has filed four counterclaims in this action alleging the following:
In the First Counterclaim, the defendant alleges that he and the plaintiff lived together from June 1988 until September 17, 1998; that he advanced her money and performed household and renovation services for her; that she terminated the relationship on September 17, 1998; and that he has made demand on her for his share of personal property and real property at 177 Willard Street, New Haven, but she has refused to recognize this claim.
In the Second Counterclaim, the defendant realleges the above facts and claims an equitable interest in the real property.
In the Third Counterclaim, the defendant realleges the above facts and claims recovery in quantum meruit.
In the Fourth Counterclaim, the defendant realleges the above facts and states in paragraph 9: "In addition to his claim of joint ownership in the aforesaid property, the defendant claims complete ownership of the following: A. The 1990 Volkswagon . . . B. The Wurlitzer 1015 Jukebox CT Page 11526 . . . C. The Dwelling Unit known as 177-A Willard Street. . . ."
The plaintiff moves for summary judgment on the defendant's counterclaims. She asserts that the defendant's claim to an ownership interest in the property of the plaintiff has been previously asserted in the three prior lawsuits of the defendant, such that the claims are barred by collateral estoppel or res judicata. The defendant opposes summary judgment on the grounds that the claims he is now making are not the same claims he made in the earlier lawsuits.
The first lawsuit, CV 99 0421339, was filed in January 1999 as an action to partition the Willard Street property. In December 1999, Dixon amended that complaint to state the grounds for a claim to the property to which Coughlin has always had sole legal title. His amended complaint alleged that he and Coughlin lived together from 1988 to 1998, that he expended money on the property that was "designed and constructed and financed solely by Samuel E. Dixon, Jr." On January 25, 2000, he again amended his complaint to state that before 1990, he lent money to Coughlin, including "wares, materials and merchandise," that he performed work and professional services for her, that the money was used for Coughlin's board, lodging, and "the furnishing of transportation for [her] use."
The first lawsuit terminated on May 1, 2000, when summary judgment was granted for Coughlin. Dixon appealed, but the judgment was affirmed.Dixon v. Coughlin, 61 Conn. App. 902 (2000).
The second lawsuit, CV 00 0440223, was filed in June 2000. In it, Dixon alleged that from 1998 to the present he lent money to Coughlin, that the money contributed to the furnishing of board, lodging and transportation to her, and that in 1990 he constructed the Willard Street dwelling, for all of which he was entitled to money damages. That lawsuit was dismissed on July 12, 2000. No appeal was taken.
The third lawsuit, CV 00 0442827, was filed in September 2000. The allegations in that complaint were identical to those in the second lawsuit except that Dixon upped his claim from $150,000 to $200,000 as the value of money and services for which he should be compensated, and he deleted any reference to specific dates. The third lawsuit was withdrawn on April 9, 2001.
The defendant opposes summary judgment in this matter. He states that he is advancing a different legal theory — breach of a cohabitation agreement — than that in his previous complaints and that this new issue has never been placed before the court on any prior occasion. CT Page 11527
The doctrine of res judicata, or claim preclusion, holds that a valid, final judgment rendered on the merits by a court of competent jurisdiction is an absolute bar to a subsequent action between the same parties upon the same claim or demand. Moreover the doctrine bars not only subsequent relitigation of a claim previously asserted, but subsequent relitigation of any claims relating to the same cause of action which were actually made or which might have been made. Orselet v. DeMatteo,206 Conn. 542, 545, 539 A.2d 95 (1988). To determine whether the subsequent claim relates to the same cause of action, one looks to the group of facts which is claimed to have brought about the injury for which damages are claimed, mindful that "[e]ven though a single group of facts may give rise to rights for several different kinds of relief, it is still a single cause of action." Duhaime v. American Reserve LifeInsurance Co., 200 Conn. 360, 365, 511 A.2d 333 (1986).
The gist of Dixon's claims in all of his complaints and in this counterclaim are that he gave money or provided property or services to Coughlin during their live-in relationship for which he now deserves compensation. He cannot defeat the doctrine of claim preclusion by attempting to divide his single cause of action into discrete time periods, or divide it into claims relating to specific, as opposed to general, items having monetary value.
The claims against Coughlin that he now asserts in his counterclaim could all have been set forth in his first lawsuit against her, a lawsuit that terminated in summary judgment against him.
The plaintiff is entitled to judgment as a matter of law on the defendant's counterclaim. The Motion for Summary Judgment is granted.
Patty Jenkins Pittman, Judge